Gabrielli, J.
The question presented for our determination may be phrased as follows: under the particular circumstances attending this criminal prosecution, was the 12-month delay between the appellant’s arraignment and his subsequent indictment violative of his constitutional and statutory rights to a speedy trial? The County Court of Nassau County granted defendant’s motion to dismiss the indictment filed against him on the ground that he had not been afforded a speedy trial. The Appellate Division unanimously reversed this order, denied the motion to dismiss and reinstated the indictment (44 AD2d 724). We affirm.
In the early morning hours of January 13, 1972, an officer of the Nassau County Police Department stopped a vehicle which was being operated in an erratic manner on a highway in Mineóla. When defendant, driver of the vehicle, refused to open the car window and exhibit his operator’s license and car registration, the officer proceeded to return to his patrol car to *444 call for assistance. As he was doing so, the defendant placed his automobile in reverse gear and ran over the officer with the vehicle. Although he immediately sped away from the scene, defendant was apprehended a short distance away by other officers. The injured officer was hospitalized for lacerations, contusions and a cerebral concussion.
He was arraigned the same day on District Court informations charging attempted murder (Penal Law, § 125.25), possession of a dangerous drug in the sixth degree (Penal Law, § 220.05), resisting arrest (Penal Law, § 205.30), leaving the scene of an accident (Vehicle and Traffic Law, § 600), operating a motor vehicle while impaired (Vehicle and Traffic Law, § 1192) and operating a motor vehicle without a license (Vehicle and Traffic Law, § 501).
Eight days following his arrest and arraignment on these charges, defendant was admitted to bail and he has since remained free on bail.
When the defendant waived a felony examination, he was held for the action of the Grand Jury, which, on February 10, 1972 voted a true bill charging him with assault in the first degree (Penal Law, § 120.10) and leaving the scene of an accident. The District Attorney has candidly admitted that the papers on defendant’s case were inadvertently misplaced due to clerical error, and, as a result thereof, the defendant was not indicted until January 19,1973.
A defendant’s right to a speedy trial is guaranteed both by the Constitution (US Const, 6th and 14th Amdts; see Dickey v Florida, 398 US 30, 37-38; Smith v Hooey, 393 US 374, 383; Klopfer v North Carolina, 386 US 213, 226) and by statute (CPL 30.20; Civil Rights Law, § 12). However, before examining the various factors which must be weighed in ascertaining whether or not the defendant has been denied his constitutionally protected right to a speedy trial, we note, of course that if there has been a determination of an infringement of defendant’s speedy trial right by the State, a dismissal of the indictment is required. For example, unlike the invocation of the exclusionary rule which permits a second trial of the defendant so long as "tainted” evidence is not utilized by the prosecution, the only available remedy in a speedy trial situation is necessarily more drastic since it completely precludes the defendant’s prosecution (Barker v Wingo, 407 US 514, 522).
As our prior decisions indicate, there is no specific temporal *445 duration after which a defendant automatically becomes entitled to release for denial of a speedy trial (People v White, 32 NY2d 393; People v Minicone, 28 NY2d 279; People v Ganci, 27 NY2d 418, cert den 402 US 924; People v Prosser, 309 NY 353, 360). Instead, the assertion by the accused of his right to a speedy trial requires the court to examine the claim in light of the particular factors attending the specific case under scrutiny (People v Prosser, supra, at p 360). As this case illustrates, there are no clear cut answers in such an inquiry, and the trial court must engage in a sensitive weighing process of the diversified factors present in the particular case. Moreover, the various factors must be evaluated on an ad hoc basis since no rigid precepts may be formulated which apply to each and every instance in which it is averred that there has been a deprivation of the speedy trial right (Barker v Wingo, supra, at p 530). Additionally, we hasten to add that no one factor or combination of the factors set forth below is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it (see Sortino v Fisher, 20 AD2d 25, 28, for parallel principles applicable in civil cases).
The following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant’s right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.
The first factor, the extent or duration of the delay, is, of course, important inasmuch as it is likely that, all other factors being equal, the greater the delay the more probable it is that the accused will be harmed thereby. However, as crucial as the length of the delay may be, this court has steadfastly refused to set forth a per se period beyond which a criminal prosecution may not be pursued (People v Prosser, supra, at p 360). In this regard, appellant’s reliance on People v Wallace (26 NY2d 371) is misplaced. That case involved not only an 11-month delay between indictment and arraignment but also a two- and one-half-year delay between the date of the crime and the date of the indictment. Thus, Wallace was not arraigned until nearly three and one-half years after the commission of the crime, whereas the defendant herein was *446 arraigned, and indicted approximately one year after his alleged vehicular assault on the police officer.
The second factor, the reason for the delay, may be in the appellant’s favor since the District Attorney’s failure to indict is attributable to clerical error within his own office. While such inadvertence may seem inexcusable, it will not, in and of itself, be sufficient to warrant the drastic measure of dismissal of the indictment. As far as this factor is concerned, we note also that the delay in handing up the indictment does not appear to have been a deliberate attempt by the prosecution to hamper the appellant in the preparation of his defense and, indeed, no such claim is here made.
The third factor, the nature of the underlying charge, would appear to be in the People’s favor. Appellant was arrested for attempted murder, a class B felony, and indicted for assault in the first degree, a class C felony. Upon such a serious charge, the District Attorney may be expected to proceed with far more caution and deliberation than he would expend on a relatively minor offense. Of course, this is not to say that one’s right to a speedy trial is dependent upon what one is charged with, but rather that the prosecutor may understandably be more thorough and precise in his preparation for the trial of a class C felony than he would be in prosecuting a misdemeanor.
The fourth factor, whether or not there has been an extended period of pretrial incarceration, is not, in this case, a motivation for dismissal of the indictment on defendant’s application since appellant was incarcerated for but eight days before he was released on bail. Historically, this factor has been considered significant because the speedy trial guarantee affords the accused a safeguard against prolonged imprisonment prior to the commencement of his trial (People v Prosser, supra, at p 356). Moreover, a defendant confined to jail prior to trial is at an obvious and distinct disadvantage in the sense that he can only assist in the preparation of his defense to a limited degree because he is unable to gather evidence or to contact prospective witnesses.
The fifth factor, whether or not there is any indication that the defense has been impaired by reason of the delay, is most critical in view of the facts of this particular case. While, of course, it is not incumbent upon a defendant to show that he has been prejudiced by the delay in the commencement of his trial (People v Blakley, 34 NY2d 311, 317), a questionable *447 period of delay may or may not be unreasonable depending upon whether or not the likelihood of the defendant’s acquittal has been effected thereby. For instance, if the delay precipitated by the prosecution resulted in the defendant’s being unable to call certain witnesses, or if the duration of the delay was such that it might be expected that the witnesses would be less able to articulate exactly what had transpired, then the defendant would have a strong argument for dismissal of the indictment (People v Prosser, supra, at p 356). To be sure, we do not depart from the now traditional view in this court that where, in the circumstances delay is great enough there need be neither proof nor fact of prejudice to the defendant. In this case, we are primarily concerned with the testimony of only two witnesses, the appellant and the police officer he allegedly ran over; and it seems highly improbable that the officer is likely to fail to recall what transpired on the morning of January 13, 1972.
Balancing all of these factors, we hold that this defendant was not deprived of his constitutional right to a speedy trial. A one-year delay between the alleged occurrence of a crime and an indictment for a class C felony, even when it results from prosecutorial inattention, in and of itself does not entitle a defendant to a dismissal of the indictment where there is no lengthy pretrial incarceration and no apparent impairment of his defense caused by the delay.
Accordingly, the order of the Appellate Division should be affirmed.