THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. RANELLUCCI, Appellant.

Third Department, December 18, 1975

*J. Raymond Fisher (Thomas J. Neidl* and *Stephen Herrick* of counsel), for appellant.

*Sol Greenberg, District Attorney (Dennis M. Acton* of counsel), for respondent.

HERLIHY, P. J. On March 8, 1973 the defendant was in-

dicted by the Albany County Grand Jury for the following conduct set forth in three separate counts: (1) grand larceny in the second degree for the theft of an air compressor on April 11, 1972; (2) grand larceny in the second degree for the theft of a tractor-backhoe in July of 1972; and (3) grand larceny in the third degree for the theft of a pipe threader in June of 1972. The jury acquitted the defendant of the alleged theft of the air compressor and the pipe threader, but found him guilty of the theft of the backhoe.

The prosecution offered the testimony of an accomplice, Kested, which was to the effect that he and the defendant had acted together in accomplishing the alleged three thefts. The record contains overwhelming independent evidence corroborating the accomplice's testimony as to the theft of the backhoe. It is readily apparent from the jury verdict and the nature of the prosecution's proof that the defendant's contention that the trial court abused its discretion in not allowing a severance of the counts for trial pursuant to CPL 200.20 (subd 3) is without merit.

The defendant contends that because of the delay from March 8, 1973 until his trial in October of 1974 he was deprived of his right to a speedy trial as guaranteed by the United States Constitution and by New York statutes (CPL 30.20, 30.30; Civil Rights Law, § 12).

The defendant moved for a dismissal based upon the denial of his right to a speedy trial on April 4, 1974 and again on August 13, 1974. The record does not disclose that the trial court ever took any action on the first motion and such a delay is not to be countenanced. Any delay by a trial court in determining motions made pursuant to CPL 210.20 (subd 1, par [g]) compounds the inherent delay which precedes the motion and in itself could be prejudicial to a defendant in appropriate factual circumstances. In this case, there has been a delay of four months between motions.

Neither of the defendant's motions recited any particular prejudice to his ability to defend the charges and the record discloses that the District Attorney was at all times ready to proceed to trial. Accordingly, as held by the trial court, the relief sought was not available pursuant to CPL 30.30. Nevertheless, a delay of over 17 months from the time of indictment until the motion in August of 1974 is upon its face inordinate. (See *People v Wallace,* 26 NY2d 371; *People v Bryant,* 12 NY2d 719.) The trial court, however, denied the motion upon

the ground that the delay was the result of court congestion and in the context of this case, that denial would ordinarily be upheld. (See *People ex rel. Franklin v Warden, Brooklyn House of Detention for Men,* 31 NY2d 498; *People v Ganci,* 27 NY2d 418; cf. *People v Minicone,* 28 NY2d 279.)

Upon this appeal the defendant presents a list of 13 other cases in which defendants were allegedly indicted after him and were tried before him. The record does not indicate that he moved for a reconsideration of the motion before the trial court upon those allegations, however, they are not disputed upon this appeal. There has been some suggestion that mere delay from court congestion might not be a *complete* excuse for cases involving what otherwise would be a violation of the constitutional right to a speedy trial. (See *People v Johnson,* — NY2d — [Dec. 4, 1975]; *People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, supra,* p 504; *People v Purdy,* 29 NY2d 800.) The record contains no affirmation by the District Attorney on behalf of the People referring to court congestion and the affirmations by the District Attorney rely solely upon the fact that at all calendar calls and at all times the prosecution had been ready to try the case. It must be recognized that the trial court in denying the motion was relying upon matters not contained in the record although subject to judicial notice which would not necessarily completely explain the delay herein and to which the defendant had no opportunity to respond.

The present record is inadequate to have permitted a summary denial of the defendant's motion without a hearing pursuant to CPL 210.45 (subd 5) as it was based upon a delay of over 17 months without any explanation submitted in response. Furthermore, the mere fact of delay would not be sufficient to justify a summary grant of the motion pursuant to CPL 210.45 (subd 4) since the court took judicial notice of the court congestion in Albany County. In this particular case, the trial court should have conducted a hearing as provided in CPL 210.45 (subds 6, 7) so that the question of court congestion and its relationship to the delay in trial could have been considered from a factual standpoint. (See *People v Johnson,* — NY2d —, *supra.)* The total delay in this case from indictment to trial was about 19 months and the interests of justice require that a sufficient record be made to reasonably ensure that the only infringement on the defendant's rights was that resulting from court congestion and inability to

reach the case for trial giving due preference to those cases involving persons incarcerated pending trial as required by CPL 30.20 (subd 2). (Cf. *People v Blakley,* 34 NY2d 311, 317.)

Appropriate relief in this case is to withhold the determination of the appeal and remit the question of the reasonableness of the delay to the trial court for hearing and determination *(People v Cruse,* 47 AD2d 821; *People v Rodriguez,* 45 AD2d 41).

The question of the reasonableness of the delay herein is remitted to the Trial Justice for hearing and determination. Final determination of the appeal from the judgment of the County Court, Albany County, rendered on October 16, 1974 is held in abeyance pending the results of such hearing and final argument thereon in this court.

The determination of appeal should be withheld and the case remitted to the County Court of Albany County for further proceedings not inconsistent with the decision herein.

KANE, KOREMAN, LARKIN and REYNOLDS, JJ., concur.

Determination of appeal withheld and case remitted to the County Court of Albany County, for further proceedings not inconsistent with the decision herein.