Cooke, J.
The sole item for review on this appeal from an order of affirmance of a judgment of conviction for attempted rape in the first degree is defendant’s claimed denial of a speedy trial.
In early August, 1968, defendant, a shipping clerk for a dress company, made the acquaintance of an airline stewardess, by posing as the designer of the garment she was wearing as she strolled through a New York City hotel lobby. He sold her two dresses for $5 apiece and, upon mention that he had others for sale, secured the young woman’s name and phone number. During the next few weeks he called her apartment at divers times and finally persuaded her to join him for dinner on the evening of August 23, 1968. After dining and attending a night club, he lured her to his hotel room, where, with an admixture of brutality, threats and passion, he persisted in attempting to rape her during the early hours of the next day.
After having been arrested on August 24, 1968, released on *631 bail three days later and indicted on September 16, 1968, defendant’s jury trial began on January 3, 1972, some 40 months after commencement of the criminal proceeding. In October, 1971, upon defendant’s motion for dismissal for failure to prosecute, the District Attorney was directed to try the case no later than by the end of the January 1972 Term and it was decided that, if it was not so tried through no fault of defendant, the application was to be granted.
Conceding that the delay up to September, 1969 was attributable primarily to defendant’s operation and ensuing convalescence and that it is unclear who requested adjournments from that month to the following January, when the court ordered a prepleading probation report returnable March 30, 1970, defendant bottoms his denial of speedy trial attack on the subsequent 21-month period leading up to trial. Testing this claim involves a sensitive weighing of a variety of factors, including: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay” (People v Taranovich, 37 NY2d 442, 445). No one of these elements or partial combination thereof is determinative, as all having applicability must be considered carefully (People v Taranovich, supra, p 445). -
CPL 30.30 aside (see L 1972, ch 184, §§ 2, 5, applicable to criminal actions commenced on or after May 1, 1972), we have refused to establish any rigid yardstick, calibrated as to time lapse, which would yield a ready answer as to whether a given case should be dismissed because of failure to prosecute within a specified time. While delays for longer than the 21 months at issue here have been justified (e.g., People v Kelly, 38 NY2d 633 [27 months]; People v Barber, 30 NY2d 626 [22 months]; People v Rainey, 28 NY2d 863 [28 months]); likewise, those for shorter periods have been found to be inexcusable (People v Johnson, 38 NY2d 271 [18 months]; People v Wallace, 26 NY2d 371 [11 months]), each case being determined on its own facts. Reflected in these results is the threefold purpose of the speedy trial guarantee—protection against prolonged imprisonment, relief from anxiety and public suspicion attendant upon an untried accusation and prevention of loss of the means to prove innocence (People v Johnson, supra; People v Prosser, 309 NY 353), it being recognized that "the greater the *632 delay the more probable it is that the accused will be harmed thereby” (People v Taranovich, 37 NY2d 442, 445, supra). The 21-month interval, if unexplained, lends support to defendant’s position.
The reason for the delay, as advanced by the People, was the priority extended to cases involving defendants incarcerated for substantial periods. In People v Johnson (supra) we dismissed a murder indictment because of an 18-month delay where preference was given to cases depending. only on the date of the indictment and the incarceration of the accused. There, defendant, charged with a heinous crime, had consistently proclaimed his innocence, made repeated demands to be brought to trial, resisted adjournments and allegedly suffered the loss of a crucial witness on the issue of self-defense. None of these circumstances exist here. Further, the record reveals that no objection to the adjournments was taken by defendant. Lastly, we cannot say that the priority system utilized by the District Attorney here, unlike that in Johnson, was unreasonable, at least where it has not been shown that defendant was harmed by the delay (see People v Kelly, supra).
While defendant was indicted for attempted rape in the first degree, attempted sexual abuse in the first degree, attempted sexual misconduct, robbery in the third degree and grand larceny in the third degree, as a result of rulings made and the jury’s verdict, he was found guilty of the first named crime alone. The seriousness' of the original charges, however, required that the prosecution proceed with caution and thoroughness (cf. People v Taranovich, supra, p 446).
Except for three days, defendant was at liberty for the entire period from arrest to trial. This fact, considered in combination with the priority extended to cases involving defendants who were incarcerated for substantial periods, weakens defendant’s plaint. "This is not to say that a bail case need not be brought to early trial. It should; but some sort of priority should go to jail cases” (People v Kelly, supra).
Finally, defendant has failed to demonstrate that his defense was impaired by reason of delay. Defendant called no witnesses on his behalf and, if anything, the passage of time and the possible resultant loss of memory could have proved more damaging to the prosecution which, through its witnesses, was required to prove guilt beyond a reasonable doubt. Any allegation as to loss of possible defense witnesses was completely unsupported.
*633 On balance, on this record, defendant was not deprived of his right to a speedy trial and, accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.