The People of the State of New York, Respondent, v John J. Ranellucci, Appellant.

Third Department, July 29, 1976

*J. Raymond Fisher* for appellant.

*Sol Greenberg, District Attorney (Dennis M. Acton* of counsel), for respondent.

Koreman, P.J. By a decision of this court handed down December 18, 1975 *(People v Ranellucci,* 50 AD2d 105) the final determination of this appeal was withheld and the

matter remitted to the trial court with a direction to hold a hearing on the question of the denial of a speedy trial. That hearing has been held and a decision of the trial court finding that any delay was justified has now been filed with this court, together with the transcripts of the proceedings and exhibits relied upon.

The question in this case is whether a delay of 19 months between indictment and trial constitutes a denial of defendant's right to a speedy trial in the absence of any showing of prejudice to defendant by reason of the delay. We are compelled to hold that it does not.

The defendant was indicted on March 8, 1973 and charged with three separate thefts of grand larceny. He was arraigned four days later and released on bail. There being no extensive period of pretrial incarceration, defendant suffered no disadvantage in the ability to prepare his defense (cf. *People v Taranovich,* 37 NY2d 442, 446). Moreover, defendant has never contended, nor does he now contend, that his defense was impaired in any way as a result of the delay. The defense did not lose any witnesses (cf. *People v Johnson,* 38 NY2d 271) and it is unlikely that defendant, who testified in his own behalf, "would be less able to articulate exactly what had transpired" *(People v Taranovich, supra,* p 447). Therefore, the passage of time and any resultant loss of memory would inure to defendant's benefit, given the burden on the State to prove guilt beyond a reasonable doubt *(People v Imbesi,* 38 NY2d 629).

The Court of Appeals in *Taranovich* held that "a questionable period of delay may or may not be unreasonable depending upon whether or not the likelihood of the defendant's acquittal has been" affected thereby (37 NY2d, at pp 446-447). We find, on the facts of this case, that the likelihood of acquittal was not so affected and that the delay, even though resulting from prosecutorial inattention, does not entitle defendant to a dismissal of the indictment where there has been no showing of extensive pretrial incarceration nor of prejudice to the defense *(People v Taranovich, supra).*

The judgment should be affirmed.

KANE, J. (dissenting). Our earlier remittal of this matter was primarily intended to facilitate development of the second *Taranovich* factor; namely, the reason for the delay in bringing this defendant to trial *(People v Taranovich,* 37 NY2d 442,

445; *People v Ranellucci,* 50 AD2d 105, 107). We now know that there simply was no good reason why he was not sooner tried. The distinction between delays occasioned by court congestion and those attributable to prosecutorial inattention to a particular case is well recognized — the former reason weighs less heavily against the State in balancing the over-all merits of a dispute involving the asserted denial of a speedy trial *(People v Johnson,* 38 NY2d 271, 279).

In this case there can be no reliance on the neutrality of a priority system for disposing of indictments in chronological order, with due regard for incarcerated defendant, for the record plainly reveals that several other defendants were accorded trials before Ranellucci, even though they were indicted subsequent to him for similar nonviolent crimes and were free on bail during the interim. Consequently, although the delay may not have been intentional, the absence of a satisfactory reason or excuse for it should contribute significantly to the outcome of this appeal. The failure of the trial court to respond to defendant's motions exacerbated this situation.

While I agree with Mr. Justice Herlihy's dissent, I am chiefly persuaded to vote for reversal for a slightly different reason. When the justification for what might otherwise be a tolerable period of delay disappears, it becomes unreasonable.

Herlihy, J. (dissenting). The majority do not contend that the delay in this case of 19 months was in any way attributable to the defendant and they concede that the delay resulted from "prosecutorial inattention". However, the issue is not merely one of a 19-month delay, and not simply one of prosecutor's default.

None of the cases cited by the majority indicates that a defendant must simply subordinate his right to a speedy trial to the failings of those who represent the State after he had properly put the court on notice of his insistence on a speedy trial. Furthermore, the right of the People to have defendants speedily tried so that punishment will indeed be a deterrent is not vindicated by "prosecutorial inattention".

The defendant herein made a formal motion at the Trial Term of April 4, 1974 for a dismissal of the action based upon a denial of his right to a speedy trial. No contention is made by the prosecution that as of that date it was not fully aware of the defendant's insistence upon his right to a speedy trial.

Indeed, the prosecution takes the position that it was "ready", but the trial court did not decide the motion until shortly before trial in October, 1974. The trial court does not in its decision deny that the filing of the motion made it aware that the defendant was insisting upon his right to a speedy trial.

The majority herein take the position that in the absence of a showing of prejudice affecting the defendant's right to a fair trial, the defendant's right to a speedy trial is defeated by mere inattention. One may read the guidelines set forth in *People v Taranovich* (37 NY2d 442) and perhaps reach such a conclusion, but only if one excludes the factual pattern of delay which in *Taranovich* prompted the court to issue guidelines. In *Taranovich* the defendant had made no attempt to secure his prompt prosecution during the period of one year at issue therein. While the delay in *Taranovich* was solely the fault of the prosecutor, it was not of an inordinate time and did not also involve inaction on the part of the trial court itself.

Comparing the present case with *Taranovich,* there was only a delay of slightly over one year until the motion for dismissal at the Trial Term of April 4, 1974. There is no doubt that the case of *Taranovich* would require a showing that the defense was impaired by the delay prior to April 4, 1974 before the defendant would be entitled to invoke a bar to prosecution by having the court dismiss the indictment. However, unlike *Taranovich,* the defendant's motion for a dismissal went undecided by the trial court from April 4, 1974 until shortly before his trial in October of 1974. In *Taranovich* the court was not confronted with a factual situation which includes as herein, the continuing delay resulting solely from inattention either by the prosecutor or the trial court or both. It perhaps is to be emphasized that there is no dispute between the majority and the dissenters herein as to it being established factually that the delay in this case is not the result of court congestion or any reasonably defined attempt by the trial court and prosecutor to handle cases in an orderly fashion by a system of priorities. The entire delay is the fault of the representatives of the State.

The fundamental issue posed in this case is what justice requires in the way of giving due consideration to those constitutional and statutory mandates of a speedy trial when the representatives of the State through a simple neglect countenance delay *after having been given due notice* by a

defendant that he is attempting to insist upon his right to a speedy trial. It is this issue that primarily precipitates this dissent and causes disagreement with the majority over the weight which should be accorded to the defendant's inability to show that, as a matter of fact, he has suffered any impairment of his defense.

In the recent case of *People v Hankins* (52 AD2d 470) this court was presented with a delay encountered in the same trial court as herein but involving a much greater period of time. In that case the central issue considered by the majority opinion as dispositive was the failure of the trial court to give prompt consideration to the attempt of defendant to insist upon his right to a speedy trial. Of course, each case proceeds upon its own facts and independent considerations.

The question posed by a motion for a dismissal based upon a denial of the right to a speedy trial is whether or not events as of the time of the *trial court's decision* of the motion should bar further proceedings in the prosecution of criminal charges against the defendant. His guilt or innocence is not at issue in deciding such a motion and is not a balancing factor in reaching a decision. While the parties to the criminal proceeding will often point to subsequent trial court events when the motion has been denied to support their respective appellate positions, it must be recognized that such factors are not before the trial court when it renders a decision. Nevertheless, the question on appeal is enlarged by the appellate courts to include the time from indictment to trial. Justification for such enlargement flows from the fact that on and after the making of a motion based upon the right to a speedy trial the objection to further proceedings makes all subsequent proceedings subject to the claim unless properly waived. In this case there has been a period of about 19 months from indictment to trial. Of the entire 19-month period, it would be possible to credit the People with a reasonable period of one month based upon a motion made by the defendant for suppression of certain evidence soon after he was arraigned. Applying the *Taranovich* conclusion to the present period of 19 months, it is doubtful that a showing of prejudice must be made by the defendant since such a time lapse cannot be characterized as a "questionable period of delay" and in our prior decision herein *(People v Ranellucci,* 50 AD2d 105, 106) we found that a delay of 17 months was "inordinate".

In this case there is a delay of about six months from the

time the original motion based upon the right to a speedy trial was made until a decision of the trial court denying the motion for a dismissal of the indictment. The record discloses that the trial court and the prosecutor were aware of the insistence upon the right to a speedy trial, but no action was taken during that period to have a trial and the record does not establish any reason for such a delay as the reasonable result of inability on the part of government (i.e., prosecution, trial court or court administration) to bring this man to trial in the ordinary course of events sooner than was done. The fundamental problem with the present case is that except for creating delay, defendants have no control over court calendars. (See *People ex rel. Franklin v Warden,* 31 NY2d 498.) Likewise, they have no means whereby they can secure an early decision on motions made by them. (See *People v Johnson,* 38 NY2d 271.)

In this case the defendant on April 4, 1974 took the only avenue available to him in the trial court when he moved for dismissal based upon a denial of his right to a speedy trial. (However, the extraordinary remedy of habeas corpus is available outside of the trial court, see *People ex rel Franklin v Warden, supra.)* While at that time he did not indicate any prejudice to his defense and subsequently has not shown any such prejudice, he was clearly insisting upon his right to a speedy trial. The subsequent inaction on the part of government results in a continuing denial of the right without any justification being offered which can be sustained as a factual matter. Whatever a period of time might be considered "questionable", the *Taranovich* period of 12 months had elapsed when the motion was made.

This was a simple theft case involving the testimony of an accomplice to support the People's case. There is no indication that delay was in any way necessary to perfect the prosecution. Furthermore, while there is no showing of any attempt on the part of the prosecution to delay for the purpose of hindering the defense, the subsequent delay from April 4, 1974 must be deemed *equivalent* to a deliberate refusal to acknowledge the right of the defendant.

This defendant was eventually tried and found guilty. However, prior to trial he was presumed innocent and it is too well established that not every person charged with a crime is convicted by a jury or plea of guilty to presume that this defendant was not hindered by the pending charges in his day

to day life. The frustration of the right which flows from the inattention of government as established in this case on and after April 4, 1974 requires a showing of a justifiable excuse and there is none. In short, the case of *People v Taranovich* (37 NY2d 442, *supra)* does not expressly control this situation and in the absence of some factual justification on the part of government, we are reluctant to subordinate the individual's right to a speedy trial to the theory that the sole purpose of the right to a speedy trial in New York State is to preserve evidence and thus to simply buttress the right to a fair trial. In *People v Taranovich (supra,* p 447) the court expressly disavowed such a subordination as to all future cases. (See, also, *People v Hankins, supra.)*

The recent case of *People v Imbesi* (38 NY2d 629) involved a 21-month delay and in that case the *Taranovich* factors were utilized by the court and a showing of some harm to the defense was required by the court. However, in the *Imbesi* case a motion was made based upon a denial of the right to a speedy trial and the trial court promptly decided the motion and directed trial at a term less than three months away. In the present case the defendant received no decision on his motion until nearly six months thereafter and in the interim, he made another motion based upon his right to a speedy trial four months after the first motion and still received no decision until over a month later. Upon this record and the findings of this court that no substantial delay is chargeable to the defendant by affirmative action or acquiescence and that no priority system reasonably prevented the holding of a speedy trial after April 4, 1974, the case of *People v Imbesi (supra)* would not appear to require that the defendant herein must additionally establish an impairment of his defense. It should be noted that it is somewhat anomalous to find that by forcing a defendant to present a defense by denying a dismissal at the trial level we might affirmatively establish that he was not prejudiced through loss of memory of the events or witnesses. In any event, the defendant in the present case has never contended that his ability to defend was impaired by the delay.

In sum, the failure to decide the motion for a speedy trial for a period of six months, during which time a second motion for the same relief was made, and an over-all period between indictment and trial of 19 months, under the circumstances here, constituted an inordinate delay for which the defendant

is entitled to relief. In my opinion, such passage of time per se constitutes prejudice as to the defendant *(People v Wallace,* 26 NY2d 371; *People v Bryant,* 12 NY2d 719).

The judgment should be reversed and the indictment dismissed.

LARKIN and REYNOLDS, JJ., concur with KOREMAN, P.J.; KANE and HERLIHY, JJ., dissent and vote to reverse in separate opinions.

Judgment affirmed.