THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. KORNEGAY, Appellant.

Third Department, January 20, 1977

*J. Raymond Fisher (Thomas Neidl* of counsel), for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

KOREMAN, P. J. By decision of this court handed down January 22, 1976 *(People v Kornegay,* 51 AD2d 630), the final determination of this appeal was withheld and the matter

remitted to the trial court with a direction to hold a hearing on the question of the denial of a speedy trial. That hearing has been held and a decision of the trial court finding that any delay was justified has now been filed with this court, together with the transcripts of the proceedings and exhibits relied upon.

The question in this case is whether a delay of 22 months between indictment and trial constitutes a denial of defendant's right to a speedy trial in the absence of any showing of prejudice to defendant by reason of the delay and where the delay was the result of a calendar priority system utilized in Albany County.

No testimony was taken at the hearing. The parties stipulated to introduce various exhibits and to the facts that since January, 1973 (the indictment was handed down on October 12, 1972), the case had continuously been marked ready by both sides through July, 1974 when the trial was had.

Defendant's Exhibit A indicates that 14 individuals who were not incarcerated prior to trial were indicted subsequent to Kornegay but tried prior to him. Apparently, some of these cases involved multiple defendants and the trial court found a total of "some eleven non-jail cases indicted after [defendant Kornegay] but tried before [him]."

On the basis of the evidence introduced at the hearing the trial court found: that the defendant was not incarcerated while awaiting trial; that during the period between defendant's indictment and trial there were 75 criminal trials tried in Albany County and 847 cases disposed of; that defendant does not assert any prejudice by virtue of the 22-month delay, that both the People and defendant marked the case ready at all calendar calls during the 22 months; that of the 11 nonjail cases indicted after defendant but tried prior to him, the majority of these cases were either crimes of violence, or drug-related crimes, several of which involved multiple defendants; that three cases in the same category as defendant's case were tried prior to his case; and that the Albany County Court had a busy criminal trial schedule and a congested calendar during the period in question.

The trial court noted that, in its opinion, drug-related crimes, crimes of violence, and crimes involving multiple defendants "had a priority over the non-violent, non-jail category in which this defendant's case fit." It determined that the reason for the delay "was the priority extended to cases

involving defendants incarcerated and for those accused of violent crimes or drug related crimes". The trial court noted that this priority system was not "unreasonable" and "the fact that two cases in the non-jail, non-violent, non-drug related category were reached prior to this defendant's case, standing alone, does not provide a basis for the relief sought herein since the calendar practice is, by its nature, somewhat fluid and cannot be mathematically perfect at all times".

While a defendant possesses a statutory and constitutional right to a speedy trial (CPL 30.20; Civil Rights Law, § 12; US Const, 6th and 14th Amdts; *Klopfer v North Carolina,* 386 US 213), it is clear that what amounts to "undue delay" depends on the circumstances of each case *(People v Imbesi,* 38 NY2d 629, 631; *People v Taranovich,* 37 NY2d 442, 444-445; *People v Prosser,* 309 NY 353). No one factor is decisive but, rather, the particular case must be considered in light of all the factors as they apply to it. "[T]he trial court must engage in a sensitive weighing process of the diversified factors present in the particular case" *(People v Taranovich, supra,* p 445).

Delay caused by a calendar priority system may or may not constitute good cause for the delay. In *People v Imbesi (supra),* a priority extending to cases involving defendants incarcerated for substantial periods was not unreasonable where the defendant was not prejudiced by the delay, where he was at liberty awaiting trial, and the seriousness of the charge required that the prosecution proceed with caution and thoroughness. (See, also, *People v Ganci,* 27 NY2d 418.)

Here, the People marked the case ready for trial at every term of court between the indictment and the trial, the defendant was not incarcerated prior to trial, and the defense was not prejudiced because of the delay. In addition, although defendant did not thereby waive his right to a speedy trial, it is noted that he did not move to dismiss on such grounds until the trial commenced. Such a circumstance "is entitled to strong evidentiary weight" in evaluating whether or not he was deprived of the right *(Barker v Wingo,* 407 US 514, 531).

We conclude that the fact that some defendants indicted after Kornegay were tried before him does not in and of itself provide for such drastic relief as dismissal of the indictment. Neither does the fact that 22 months elapsed between indictment and trial, standing alone, require such relief. We do not believe that a particular number of months or amount of time can be arbitrarily fixed as marking the boundary beyond

which it automatically follows that a speedy trial has been denied *(United States v Ewell,* 383 US 116). This is especially so where there has been no claim by defendant that he has been prejudiced *(People v Ranellucci,* 53 AD2d 384). We determine that under the circumstances herein the defendant was not deprived of his right to a speedy trial *(People v Taranovich,* 37 NY2d 442, *supra).*

The defendant additionally contends that the evidence was, as a matter of law, insufficient to support the judgment of conviction. We have examined the record and find that the evidence fully supports the verdict of the jury.

On the argument of this appeal the District Attorney advised that the defendant was incarcerated for 14 months after his conviction and was then released on bail pending appeal. He recommended that the sentence be reduced to the time served. Under the circumstances of this particular case, the court accepts such recommendation.

The judgment should be modified, on the law and the facts, by reducing the sentence to the time already served by the defendant, and, as so modified, affirmed.

HERLIHY, J. (concurring in part and dissenting in part). Unlike the situation in *People v Ranellucci* (53 AD2d 384) and *People v Hankins* (52 AD2d 470) the defendant never made any effort to obtain a speedy trial and he has asserted no prejudice. Under such circumstances the negligence of the State in securing a speedy trial did not result in a violation of his constitutional rights (see *People v Ranellucci, supra; People v Taranovich,* 37 NY2d 442).

However, the majority proposes to reduce the sentence because the People would so consent and in fact have urged a reduction. The sentence was imposed by the trial court which heard all of the evidence and had the opportunity to closely assess the defendant. It is certain that the trial court did not abuse its discretion in imposing an indeterminate term of four years and the defendant has not questioned the sentence.

This court has no power to reduce a sentence without first finding a legal error by the trial court or that the sentence imposed was excessive.

The judgment should be affirmed in all respects.

SWEENEY and LARKIN, JJ., concur with KOREMAN, P. J.; KANE, J., concurs in the result only; HERLIHY, J., concurs in part and dissents in part in an opinion.

Judgment modified, on the law and the facts, by reducing the sentence to the time already served by the defendant, and, as so modified, affirmed.