■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT ROBERSON, JR., Appellant. — Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered November 17, 1982, convicting defendant upon his plea of guilty of two counts of the crime of assault in the first degree. Defendant was an inmate at Great Meadow Correctional Facility on May 28, 1981 when he was involved in an altercation with several other inmates and correction officers. He was indicted on June 12, 1981 and charged with two counts of attempted murder in the first degree, three counts of assault in the first degree, conspiracy in the second degree, possession of a weapon in the third degree and promoting prison contraband in the first degree. On March 16, 1982, defendant moved to dismiss the indictment on speedy trial grounds. That motion was denied and, on August 19, 1982, defendant pleaded guilty to two counts of first degree assault. Defendant has appealed from the judgment of conviction and alleges as error the denial of his speedy trial motion. Defendant contends that he was denied his right to a speedy trial as guaranteed by CPL 30.20 and the Sixth Amendment to the United States Constitution made applicable to the States by the Fourteenth Amendment (*Klopfer v North Carolina,* 386 US 213).[*] While the statutory and constitutional rights to a speedy trial are distinct, they both involve an analysis of similar factors. The Court of Appeals has held that the factors to be considered are (1) the extent of the delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) the extent of any pretrial incarceration, and (5) whether there has been any indication that the defense has been impaired by the delay (*People v Taranovich,* 37 NY2d 442, 445). For purposes of the Federal speedy trial guarantee, whether the defendant demanded a speedy trial would also be a relevant factor (*Barker v Wingo,* 407 US 514, 530). In the instant case, since defendant's contention is that the motion to dismiss on speedy trial grounds was improperly denied, we are concerned with the time period from the filing of the indictment, June 12, 1981, to the making of the motion, March 16, 1982, a period of about nine months. The first two months of that period are attributable to defendant's attempt to retain a private attorney (cf. CPL 30.30, subd 4, par [f]). Also, a reasonable amount of time must be attributed to the resolution of an omnibus motion which defendant made in September of 1981 and certain discovery matters (cf. CPL 30.30, subd 4, par [a]). It is apparent that the delay involved is not extensive. Additionally, a new District Attorney took office during the pendency of this action. Moreover, this case involved serious charges including two counts of attempted first degree murder such

* Defendant has not raised the time limitations set forth in CPL 30.30.

that it is understandable that the People would proceed with caution (see *People v Taranovich, supra,* p 446). The fourth factor set forth in *Taranovich* is not relevant to this case since defendant was imprisoned pursuant to a prior conviction when the instant action was commenced. Finally, defendant's assertion that his defense was impaired is based upon his transfer to another prison far from the place where the action was pending. However, this impairment was caused by defendant's transfer, which occurred soon after the crime, and not by any delay in the prosecution of this action. In conclusion, it is our view that, weighing all of the factors involved, defendant was not denied his statutory or constitutional right to a speedy trial. Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.