(November 29, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD L. JOHNSTON, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 30, 1981, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

On July 23, 1980, defendant was arrested and arraigned on charges of robbery in the first degree, assault in the second degree and resisting arrest. After a preliminary hearing in Troy Police Court on July 30, 1980, at which the complaining witness was unable to testify because of his injuries, the assault charge was dismissed. On January 28, 1981, a Grand Jury returned an indictment charging him with second degree assault based on the same incident. On February 11, 1981, defendant moved pursuant to the statutory and constitutional speedy trial provisions for dismissal of the indictment (CPL 30.20, 30.30). The motion was denied, as well as a subsequent reargument motion

after a hearing. Thereafter, defendant pleaded guilty and received an indeterminate sentence of 3½ to 7 years. This appeal ensued, seeking reversal upon the ground that defendant was denied a speedy trial.

In *People v Taranovich* (37 NY2d 442, 445), the Court of Appeals set forth five factors as significant in considering a claim of violation of the constitutional right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether there has been an extended period of pretrial incarceration; and (5) whether there is any indication that the defense has been impaired by reason of the delay. The elapsed time from the filing of the original felony complaint to the date the prosecution announced its readiness for trial was approximately seven months. In *Barker v Wingo* (407 US 514, 533) there was a five-year delay from arrest to trial, and in *Taranovich* a one-year period, neither of which was found to constitute excessive delay under the circumstances of each case. A paramount reason for the delay here was that the People's primary witness had sustained injuries from the alleged assault severe enough to restrict his availability for court appearances for a period of several weeks. While defendant was incarcerated for most of the period from his arrest until August 7, 1981, nearly all of that period represented time served for parole violation and revocation.

We note that defendant did not assert that he suffered any adversity in preparing a defense by reason of the delay. While it is not incumbent upon defendant to show that he has been prejudiced by the delay, the absence of prejudice to a defendant is a factor to consider (*People v Taranovich, supra,* pp 446-447). Upon reargument, defendant abandoned his CPL 30.20 constitutional argument and pursued only the CPL 30.30 ready-for-trial facet of his original speedy trial motion. In cases involving assertion of the constitutional right to speedy trial, no one factor is determinative, and the court must engage in a balancing of factors (*Barker v Wingo, supra,* p 533; *People v Taranovich, supra,* p 447). Under the circumstances of this case, given the relatively short period of delay and the absence of any ascertainable prejudice to the defense, we find no violation of defendant's constitutional right to a speedy trial.

As regards the statutory claim of denial of speedy trial (CPL 30.30), we note only that by entering a plea of guilty to the crime charged, defendant waived his right to raise this issue on appeal (*People v O'Brien,* 56 NY2d 1009, 1010; *People v James,* 90 AD2d 920).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.