■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. COLE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 22, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

The facts underlying this case may be found in our decision in People v Cole (90 AD2d 27), where this court reinstated the indictment charging defendant with burglary in the third degree, criminal possession of stolen property in the third degree and petit larceny. Thereafter, on February 10, 1984, defendant pleaded guilty to the burglary charge in full satisfaction of all charges. He was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years.

The sole issue on this appeal is whether defendant was denied his constitutional right to a speedy trial (see, US Const 6th, 14th amends; CPL 30.20; Civil Rights Law § 12; Klopfer v North Carolina, 386 US 213). Specifically, defendant maintains that the 39-month delay between his arrest on November 29, 1980 and his guilty plea in February 1984 violated his right to a speedy trial. We disagree.

The People candidly concede that the length of the delay calls for a close inquiry into the underlying circumstances.

The extensive period of time which elapsed between defendant's arrest and plea, however, does not, of itself, give substance to his complaint (*People v Kornegay,* 55 AD2d 462, 464). Rather, the particular circumstances attendant the delay must be balanced to determine whether the delay was excessive. In so doing, we consider the relevant factors outlined by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445-447); (*see, People v Johnston,* 105 AD2d 1010; *People v Roberson,* 99 AD2d 619).

In our previous decision, we concluded that the People established their readiness for trial as of March 20, 1981, and that their failure to provide a bill of particulars until September 21, 1981 was irrelevant with respect to defendant's CPL 30.30 motion, but not so as to a constitutional claim (*People v Cole, supra,* pp 29-30).* Consequently, we first give consideration to the fact that approximately five months transpired before the People complied with the order directing service of a bill of particulars. While this delay should be deemed the People's responsibility, the delay occasioned by the appeal from the trial court's November 30, 1981 dismissal of the indictment should not (*see, People v Cousart,* 58 NY2d 62; *People v Dean,* 45 NY2d 651). While the People moved for one extension in order to perfect the appeal, such request was necessitated by the unavailability of the transcripts and was not, as suggested by defendant, a delaying tactic. Furthermore, upon reinstatement of the indictment, effective December 22, 1982, defendant sought leave to appeal to the Court of Appeals by notice of motion dated January 14, 1983, which application was denied March 29, 1983. The People were clearly entitled to await the outcome of this application (*see, People v Dean, supra,* pp 657-658). Consequently, in our view, the elapsed time between defendant's October 1981 motion to dismiss the indictment and the ultimate resolution of the appeal on March 29, 1983, a period of approximately 18 months, should not be attributed to the People.

Nor do we find the ensuing delay between reinstatement of the indictment and the guilty plea so extensive as to have violated defendant's constitutional speedy trial rights. We recognize that upon reinstatement of the indictment, it was incumbent upon the People to bring the case to trial (*People v Johnson,* 38 NY2d 271, 277). The record shows that by letter

---

* We note that defendant failed to raise the constitutional issue in his initial motion to dismiss. Here, he has waived any objection pursuant to CPL 30.30 upon entry of the guilty plea (*see, People v Taylor,* 65 NY2d 1, 7; *People v Johnston,* 105 AD2d 1010, 1011).

dated February 7, 1983, the People apprised defendant of their readiness for trial. In July 1983, County Court apparently elected to pursue trial on another matter, despite the People's readiness to proceed. At calendar call on September 12, 1983, the People once again pronounced their readiness, but defense counsel indicated that further motions would be forthcoming. As a result, the matter was marked for "conference". By notice dated November 28, 1983, the People moved for trial during the December 1983 Trial Term, but due to defense counsel's involvement in a separate matter, the case was set for trial in January 1984. Thereafter, on the eve of trial, defendant moved to dismiss the indictment on constitutional speedy trial grounds (*see, Barker v Wingo,* 407 US 514, 531; *People v Kornegay, supra,* p 464). After this motion was denied, defendant entered the guilty plea from which he now appeals. From this scenario, it becomes readily apparent that certain periods of delay are attributable to defendant, at least the 3 1/2 months from September 12, 1983 through the end of the year. The remaining delay may be deemed the People's responsibility, but it appears that their efforts to bring the matter to trial were hindered in part by congestion of the court's calendar, a factor that weighs less heavily against the State (*People v Johnson, supra,* p 279; *People v Watts,* 86 AD2d 964, *affd* 57 NY2d 299; *People v Kornegay, supra*).

Finally, we note that defendant has remained at liberty since his indictment and has not demonstrated any actual impairment of his defense, an important, albeit not determinative, factor (*People v Taranovich, supra,* pp 446-447; *People v Johnston, supra,* p 1011). Defendant's attempt to minimize the seriousness of the underlying charge, which involves a break-in of a business establishment, is not persuasive. Consideration of the record in its entirety, with due regard being given to the relevant factors outlined in *Taranovich,* leads us to conclude that defendant was not denied his constitutional right to a speedy trial.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.