■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN COUMBES, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 8, 1984, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant was indicted on or about August 6, 1981 and arraigned on August 18, 1981 for burglary in the third degree and criminal possession of stolen property in the second degree, allegedly occurring on June 9 and 10, 1981 in Ulster County. The crimes involved breaking and entering into an auto body repair shop by smashing a window and unlocking the back door, and stealing two motorcycles that had been on display there. During the night of June 10, these motorcycles were observed by two City of Kingston police officers on patrol and were pursued and stopped because one cycle lacked lights. When the officers checked with headquarters, they discovered that the cycles had been stolen and, accordingly, charged defendant, who was operating one of them, with the above-mentioned crimes. At trial, defendant was convicted of the burglary charge only pursuant to the instructions of the trial court that the jury should not consider the second count of the indictment if there was a conviction on the first count.

Defendant's principal attack on his conviction on this appeal is his claimed denial of a speedy trial, both statutorily in violation of CPL 30.30 and constitutionally in violation of the US Constitution 6th Amendment.

With respect to the claimed statutory violation, defendant points out that his trial on an indictment that was filed on August 6, 1981 did not commence until February 10, 1983,

well beyond the six-month period in which the prosecution must announce its readiness under CPL 30.30. Significantly, however, this record does not contain defendant's written motion to dismiss based on deprivation of a speedy trial made prior to trial as required by CPL 210.20 (2) and 210.45 (1) *(see, People v Lawrence,* 64 NY2d 200, 203). The only mention of such a pretrial motion is the oral statement of defense counsel prior to the jury selection that he "would like to make [an] application in conjunction with the speedy trial motion which is already before the court".

Regardless of whether defendant properly made his motion to dismiss, defendant's trial did not violate the requirements of CPL 30.30. Excluded from the six-month time period of CPL 30.30 is "a reasonable period of delay resulting from other proceedings concerning the defendant, including * * * pretrial motions; appeals * * * and the period during which such matters are under consideration by the court" (CPL 30.30 [4] [a]). It appears that the prosecution indicated in its bill of particulars on August 18, 1981 that it was ready for trial. Thereafter, it was defendant who, on January 12, 1982, obtained an order to show cause demanding disqualification of the District Attorney. When that application was granted by County Court, the order was appealed and, on February 5, 1982, a temporary stay of prosecution was granted by this court and continued on March 12, 1982. After we affirmed County Court's order, the stay was not terminated until an application for its continuance was denied by the Court of Appeals on October 5, 1982. Excluding this period of time, during which the stay barred defendant's prosecution, from the six-month period under CPL 30.30, we cannot consider the prosecution of defendant violative of the statutory provisions.

Next, it is noted that defendant was tried about three months after the appointment of the special prosecutor that he had requested; that during the period encompassed by the stay defendant was on bail; and that defendant has demonstrated no prejudice by the loss of any witness as the result of the delay *(see, People v Kornegay,* 55 AD2d 462). These considerations require the conclusion that defendant was not deprived of the constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442, 445; *People v Johnston,* 105 AD2d 1010, 1011).

Defendant claims further constitutional error under *People v Parker* (57 NY2d 136) because the trial in this case was conducted in his absence. In *Parker,* the Court of Appeals stated that a defendant must be informed in some manner of

the nature of the right to be present at trial and the consequences of failing to appear at trial in order to effect a voluntary, knowing and intelligent waiver of his right to be present at trial. In this case, however, defendant was actually present when his trial commenced on February 10, 1983 and the trial court gave preliminary instructions to the jury. Thereafter, the court told the jury that the next step in the trial would be the opening statement by the People which would be given at 10:00 A.M., on the following Monday. Defendant was present at the time of this instruction. When the trial reconvened on Monday morning, defendant was unexplainably absent. Having voluntarily left his trial after it had commenced, defendant forfeited his right to be present *(see, People v Sanchez,* 65 NY2d 436) and the trial was properly continued in his absence.

As to defendant's contention that the corroboration of his accomplice's testimony was insufficient, we find the corroborative evidence offered by the prosecution to be legally sufficient, as indicated by defendant's possession of one of the two stolen motorcycles when he was apprehended. We also find the instructions of the trial court in that regard to be appropriate *(see,* CPL 60.22 [1]).

Further, we find no error in the trial court's refusal to grant defendant a mistrial when the prosecution attempted to elicit through a police officer testimony concerning statements of defendant that had been previously suppressed. No statements of defendant were elicited, only the fact that "a conversation" had been held between defendant and the officer. Standing alone, this question and answer is insufficient to convey to the jury the idea that defendant had made incriminating statements.

We have considered defendant's other claims of error (i.e., that he was precluded from presenting evidence concerning his ability to form the specific intent to commit burglary due to his claimed intoxication, that the comments of the prosecutor during summation were prejudicial and improper, and that the trial court erred in answering a question of the jury after the commencement of deliberations) and find such claims to be inconsequential. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.