■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN O. Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered January 14, 1985, which sentenced defendant upon his adjudication as a youthful offender.

The gravamen of this appeal is whether defendant was deprived of his constitutional right to a speedy trial *(see,* US Const, 6th and 14th amends; CPL 30.20; Civil Rights Law § 12). On November 14, 1982, defendant was arrested and arraigned on a grand larceny charge as the result of the alleged theft of a pickup truck in March 1982. On January 5, 1983, defendant was arraigned on an indictment charging him with grand larceny in the second degree. Thereafter, defendant filed an omnibus motion, request for a bill of particulars and a notice of alibi. The omnibus motion was partially decided by order dated June 13, 1983, and defendant concedes that the period of delay between the indictment and this decision is not chargeable to the People. By letter dated September 12, 1983, and at calendar call the same day, the People indicated their readiness for trial; defendant requested a conference and the matter was so marked. This procedure was essentially repeated at calendar call on December 5, 1983 and again on March 5, 1984.

Upon defendant's request, a trial date certain was set for June 11, 1984. In the interim, by order dated June 4, 1984, County Court issued a final ruling on defendant's omnibus motion, refusing to dismiss the indictment. The People were not ready for trial on June 11, 1984, apparently because the Assistant District Attorney assigned to this matter was on

trial on another indictment. In November 1984, defendant moved for dismissal of the indictment pursuant to the statutory and constitutional speedy trial provisions (CPL 30.20, 30.30). The motion was denied, and on December 7, 1984, defendant entered a plea of guilty to a reduced charge of criminal possession of stolen property in the third degree. On January 14, 1985, defendant was accorded youthful offender treatment and sentenced to a term of three years' probation. This appeal ensued.

Defendant maintains the delay between his arrest and his guilty plea violated his constitutional right to a speedy trial. We disagree. By his own account, defendant has charged the People with approximately 20 months of delay. Even accepting this calculation, it must be emphasized that the extent of the delay, by itself, is not necessarily dispositive *(see, People v Cole,* 112 AD2d 472, 473; *People v Kornegay,* 55 AD2d 462, 464). Giving due regard to the factors set forth by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445-447), we find that while certain delay is attributable to the People, on balance, defendant was not deprived of his constitutional right to a speedy trial *(see, People v Watts,* 57 NY2d 299, 302-303; *People v Cole, supra; People v Jones,* 110 AD2d 969). Several factors support this conclusion. Defendant was incarcerated only briefly during this period. Although the People were not ready for trial on the date certain in June 1984, the record confirms that their readiness to proceed was announced on five occasions, the first being as early as September 1983. As indicated, the matter was continued for conference several times upon defendant's request. We further note that defendant's pretrial motion to dismiss the indictment was not finally denied until June 4, 1984. Nor do we perceive any undue prejudice to defendant. Although he may have been unable to locate certain alibi witnesses, several alibi witnesses remained available, and the further contention that the delay weakened the memory of these witnesses is unconvincing *(see, People v Watts, supra,* p 303). Under the prevailing circumstances, we perceive no violation of defendant's constitutional right to a speedy trial. Parenthetically, any statutory objection pursuant to CPL 30.30 was waived upon entry of the guilty plea *(see, People v Cole, supra,* p 473 n; *People v Johnston,* 105 AD2d 1010, 1011).

Judgment affirmed. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.