■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROOKS, Appellant. [749 NYS2d 413] —Judgment,

Supreme Court, Bronx County (Robert Cohen, J.), rendered February 8, 2000, convicting defendant, upon his plea of guilty, of burglary in the second degree (two counts), and sexual abuse in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

Following a thorough inquiry, the court properly denied defendant's application to withdraw his guilty plea (*People v Frederick*, 45 NY2d 520). The record establishes that defendant's plea was voluntary and that his claim that he was coerced into pleading guilty by excessive pretrial delay and ineffective assistance of counsel is baseless.

There was no conflict of interest requiring appointment of new counsel for the plea withdrawal motion. Defendant's attorney did not take any position adverse to defendant, and he was not required to affirmatively argue on behalf of defendant's meritless arguments (*see People v Robinson*, 297 AD2d 557).

Based on the factors set forth in *People v Taranovich* (37 NY2d 442), we conclude that defendant was not deprived of his constitutional right to a speedy trial. We note that most of the 27-month delay was attributable to defendant, and that defendant has not substantiated his claim of prejudice. Concur—Williams, P.J., Nardelli, Rosenberger, Ellerin and Lerner, JJ.