The People of the State of New York, Respondent,
against
Robert DiMaio, Appellant.




Marcote & Associates, P.C. (Louis F. Chisari of counsel), for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz and Jared A. Chester of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D. Harris, J.), rendered September 7, 2016. The judgment convicted defendant, after a nonjury trial, of common-law driving while intoxicated, and imposed sentence. The appeal from the judgment of conviction brings up for review orders of that court dated May 27, 2015 (Colin F. O'Donnell, J.), March 21, 2016 (Helen Voutsinas, J.), and May 23, 2016 (Helen Voutsinas, J.), denying, respectively, defendant's two motions to dismiss the accusatory instrument on the ground that his statutory and constitutional rights to a speedy trial had been violated, and his motion for leave to renew or reargue his second motion.




ORDERED that the judgment of conviction is affirmed.
On October 21, 2013, defendant was arraigned on an accusatory instrument charging him with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and the People announced their readiness for trial. The case was adjourned numerous times, ultimately to August 6, 2014 at the request, or with the consent, of defendant. On August 6, 2014, the People announced that they were not ready for the hearing and requested a seven-day adjournment, and the court adjourned the case to October 1, 2014. On October 1, 2014, the People requested another seven-day adjournment, and the court adjourned the case to November 17, 2014. On November 17, 2014, the People requested a two-day adjournment because their witness had had back surgery during the pendency of this case. The court adjourned the case to December 17, 2014. On November 19, 2014, the People filed an off-calendar statement of [*2]readiness. When the parties appeared again on December 17, 2014, the People announced that they were still not ready because their witness had had back surgery and because he was a retired police officer who could not be contacted through the police liaison. The court adjourned the case to January 12, 2015. On December 24, 2014, the People filed another off-calendar statement of readiness. On January 12, 2015, a refusal hearing was conducted, and defendant moved to dismiss the accusatory instrument on statutory and constitutional speedy trial grounds.
In an order dated May 27, 2015, the District Court (Colin F. O'Donnell, J.) denied defendant's motion. The court determined that 23 days, which the People had conceded, were chargeable to them between August 6, 2014 and January 12, 2015, that the off-calendar statements of readiness were not illusory, and that the remaining time period, together with the 23 days as conceded by the People, would not exceed the 90 days in which the People were required to be ready for trial.
Thereafter, on November 10, 2015, defendant made a second motion to dismiss the accusatory instrument on statutory and constitutional speedy trial grounds. In an order dated March 21, 2016, the court (Helen Voutsinas, J.) denied defendant's motion. The court adhered to the finding contained in the prior order dated May 27, 2015, which charged the People with 23 days from August 6, 2014 to January 12, 2015, and found that 31 days were chargeable to the People from September 28, 2015 to November 2, 2015, for a total of 54 days. The court held that from November 10, 2015 to December 7, 2015, no additional time was chargeable to the People, since the People had declared their readiness for trial and the delay had been due to court congestion.
Thereafter, defendant moved for leave to renew and reargue the second speedy trial motion. In an order dated May 23, 2016, the court (Helen Voutsinas, J.) denied the motion, finding that the motion papers neither showed that the court had overlooked any facts which defendant was justified in failing to present previously, nor presented any new facts that would change the result. Following a nonjury trial, defendant was convicted of common-law driving while intoxicated.
On appeal, defendant contends that his speedy trial motions and his motion for leave to renew and reargue should have been granted on the ground that 151 days are chargeable to the People and that his constitutional right to a speedy trial had been violated.
The People were required to announce their readiness for trial within 90 days from the commencement of this criminal action which involves a class A misdemeanor (see CPL 30.30 [1] [b]). We find that the seven-day adjournments on August 6, 2014 and on October 1, 2014, and the two days from November 17, 2014 to November 19, 2014 are all chargeable to the People, as they requested these adjournments. We further find that the People are chargeable with the 35 days from November 19, 2014 to December 24, 2014 since their off-calendar statement of readiness filed on November 19, 2014 was illusory because there was no change in circumstances indicating that the People were in fact ready following November 19th, as the People proffered the same excuse for their unreadiness on December 17, 2014 as they had on November 17th with no further explanation (cf. People v Francis, 55 Misc 3d 137[A], 2017 NY Slip Op 50509[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). However, we find that the off-calendar statement of readiness filed on December 24, 2014 was not illusory, and note that a hearing was subsequently conducted on January 12, 2015 (see People v Brown, 28 [*3]NY3d 392 [2016]). Additionally, 31 days are chargeable to the People from October 2, 2015 to November 2, 2015, since they requested the adjournment for that time period (see People v Brown, 28 NY3d at 404). As a total of 82 days are chargeable to the People, defendant's statutory right to a speedy trial was not violated.
Although the delay in this case was protracted (approximately 35 months), defendant has not established that he was denied his constitutional right to a speedy trial (see CPL 30.20; People v Taranovich, 37 NY2d 442, 445 [1975]). We further find no basis to disturb the order dated May 23, 2016.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019