People v Aguilar (2019 NY Slip Op 06862)





People v Aguilar


2019 NY Slip Op 06862


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9920 5992/96

[*1]The People of the State of New York, Respondent,
v
Jose Aguilar, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered November 3, 2016, as amended January 18, 2017, convicting defendant, upon his plea of guilty, of manslaughter in the second degree, and sentencing him to a term of 1 to 3 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.
"By pleading guilty while his constitutional speedy trial motion remained undecided, defendant abandoned that claim and forfeited any appellate review" (People v Cappelan, 142 AD3d 923, 923 [1st Dept 2016], lv denied 28 NY3d 1123 [2016]; see also People v Alexander, 19 NY3d 203, 219 [2012]). "Moreover, since defendant's attorney declined to adopt this pro se motion, the court had no duty to entertain it" (Cappelan, 142 AD3d at 923).
Defendant also failed to preserve his argument concerning the 16-year period during which he remained a fugitive under an outstanding bench warrant, and we decline to review it in the interest of justice. In any event, that period is entirely attributable to defendant.
To the extent the record permits review, we find, after reviewing the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), that defendant has not established a violation of his constitutional right to a speedy trial (see e.g. People v Desselle, 167 AD3d 418 [1st Dept 2018], lv denied 32 NY3d 1203 [2019]).
The People concede that the DNA databank fee does not apply, because defendant committed the offense before the effective date of the statute imposing the fee.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK