■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT McQUEEN, Also Known as YUSUF ABDUL ALIM, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered September 20, 1976, upon a verdict convicting defendant of the crime of assault in the second degree. In September of 1973 defendant was arraigned on an indictment charging assault in the second degree. Thereafter he appeared in court numerous times and at his request or the request of his attorney, an adjournment was granted, usually on the ground that defendant was dissatisfied with his then attorney and desired a substitution. Ultimately, on February 17, 1976 he again appeared before the court. The attorney which defendant claimed represented him at the time advised the court that he did not represent the defendant. Defendant, nevertheless, decided to proceed to trial without an attorney. During the trial, however, and in front of the jury defendant stated "I'm going to renew my request for an attorney as I did yesterday. I don't feel I'm getting nowhere on my own and I'm not able to prepare a defense and I would like a lawyer". The trial was then adjourned and the defendant stated that he did not feel adequate or competent to go further by himself and asked that the record reflect that he was not consenting to any further proceedings. The trial continued for a short time and then a mistrial was declared, the court basing the decision on defendant's statements in front of the jury and his inability to proceed without an attorney. A second trial was held in June of 1976. Prior to this trial

defendant's motions to dismiss the indictment on the grounds of double jeopardy and denial of a speedy trial were denied. Defendant was thereafter convicted of assault in the second degree and this appeal ensued. Defendant raises several contentions on this appeal. Initially defendant contends that he was denied a speedy trial. A review of the record reveals that the District Attorney was at all times ready to proceed to trial, and that the delay of defendant's trial was caused by his own actions and conduct. Consideration of the record in its entirety while weighing the relevant factors as outlined by the Court of Appeals in *People v Taranovich* (37 NY2d 442) leads this court to the conclusion that defendant was not denied his constitutional right to a speedy trial. Defendant also contends that his second trial should not have been held in that it placed him in double jeopardy. We disagree. His statements to the court prior to declaration of the mistrial clearly indicated his unwillingness to proceed. Although he did not specifically move for a mistrial, defendant's statements can only be looked upon as a request for such relief and no objection was made by defendant when the mistrial was declared. Consequently, we are of the view that the defense of double jeopardy is unavailing *(Matter of Napoli v Supreme Ct. of State of N. Y.,* 40 AD2d 159, affd 33 NY2d 980, cert den 417 US 947). We have carefully considered defendant's remaining arguments and find them unpersuasive. Defendant's conviction, therefore, should not be disturbed. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.