■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN WILLIAMS, Respondent. — Order, Supreme Court, New York County (Kenneth Shorter, J.), entered October 27, 1982, granting defense motion to suppress a loaded pistol seized from the defendant, reversed, on the law and the facts, and the motion to suppress is denied in all respects, and the matter is remanded for further proceedings. On the evening of February 23, 1982, a number of police officers responded to a radio call of an armed robbery in progress on the second floor of a midtown hotel. The hotel was known to the officers as a location at which numerous drug and weapons' possession arrests had taken place. After

---

arriving at the hotel, several police officers went immediately to the second floor and checked out various rooms on that floor. A man named Sykes, walking in the hall, identified himself as the owner of the apartment from which loud sounds were heard. Sykes agreed to open the door to his room to permit the officers to check out the situation. Two, and possibly four, officers entered the room. As they entered the small room, two men hurriedly got off the bed and two others got up from chairs close to a desk. The officers observed hypodermic needles on the floor near the desk. The needles appeared to have been broken by one or more of the men walking nervously around the room. One officer also observed a quantity of white powder, a spoon, and a scale. The four men were ordered to lean against the wall. One officer noticed a seemingly round bulge beneath the defendant's coat, at the right side near the waistband. The officer patted down the area, felt the handle of a gun, and removed a .22 caliber pistol, all nine chambers of which were loaded. Thereafter in the hallway the defendant interrupted the officer's attempt to give him his *Miranda* warnings, asking for a "break", and stating that another man had given him the gun, and that the two had intended to commit a robbery. Although the hearing court accepted the testimony of the several officers as truthful, he granted the motion to suppress the gun on the view that the testimony had failed to establish an adequate basis for a search. We disagree, and accordingly reverse the order entered below and deny in all respects the motion to suppress the gun. The observation by the officers of what they had every right to regard as narcotics paraphernalia provided an adequate foundation under all the circumstances for a detentive stop of the several individuals in the room. (See CPL 140.50; cf. *People v De Bour,* 40 NY2d 210; *People v Castro,* 53 NY2d 1046, affg 80 AD2d 535.) The subsequent discovery that the white powder was not a narcotic substance did not retroactively undermine the right of the police officers to have acted on the basis of the situation as it had reasonably appeared to them. It was clearly an appropriate precautionary measure to have directed the several occupants of the room to stand near the wall. When a seemingly round bulge was observed near the waistband of the defendant, the officer was entirely justified under all the circumstances in touching the area to determine whether or not the bulge represented a gun, and thereafter removing the gun once he had touched the handle. (See *People v De Bour, supra.*) As to the other issues raised on this appeal by the defendant, all involving contentions which had been rejected by the hearing court, we are in agreement with the hearing court's determination of those aspects of the motion, and find nothing in these issues that would justify suppression in any respect. Concur — Kupferman, J. P., Sandler, Asch and Lynch, JJ.