■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered November 17, 1986, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02) and scheme to defraud in the first degree (Penal Law § 190.65) and sentencing him, as a predicate violent felony offender, to concurrent terms of incarceration of 2½ to 5 years

and 1½ to 3 years, respectively, unanimously modified to vacate the mandatory surcharge of $100 on the weapons count, and otherwise affirmed.

Defendant's claim that his constitutional right to a speedy trial (CPL 30.20) was denied by the 4½-year delay between his arrest and his plea of guilty is without merit. Approximately 2½ years of that time was occasioned by the filing of the indictment, motion practice, evidentiary hearings, and an appeal by the People of the trial court's ruling suppressing the weapon which forms the basis for indictment No. 1331/82.

Following this court's unanimous reversal of the suppression determination [97 AD2d 706], the case was calendared for December 5, 1983, but neither defense counsel nor appellant appeared. The case was adjourned until January 10, 1984, and when defendant again failed to appear, a warrant was issued for his arrest.

While defendant claims that the People failed to exercise due diligence in locating him over the next two years, the record does not bear this out. We note, for example, that the prosecutor's office had traced defendant to Baltimore, Maryland, as of December 20, 1983, and learned that he was on probation in that State. After the prosecutor's office requested that defendant's Maryland probation officer notify him that he was required to appear in New York, a man identifying himself as defendant telephoned the Trial ADA and stated his intention not to return to New York.

Thereafter, the ADA was notified by the Baltimore authorities that defendant had missed his last two probation appointments. Upon receiving this information, the ADA contacted the Baltimore Police Department and requested that they arrest defendant in connection with the New York warrant. This record as a whole indicates not only that the People diligently attempted to secure defendant's appearance, but that defendant intentionally discontinued contact with his Baltimore probation officer in order to remain absent from this jurisdiction. In light of all these circumstances, we conclude that defendant's constitutional right to a speedy trial was not violated. *(See, People v Taranovich,* 37 NY2d 442.)

With respect to defendant's second claim on appeal, the People concede that a $100 surcharge for the conviction for the weapons conviction was improperly imposed, since the indictment preceded enactment of the mandatory surcharge (Penal Law § 60.35 [1]). Thus, it was an ex post facto penalty and must be vacated. We detect no abuse of discretion, how-

ever, in the imposition of the second $100 surcharge, for the conviction of scheme to defraud in the first degree. Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.