Leon M. Armer, J.
The defendant has moved to dismiss the indictment herein claiming denial of his constitutional right to a speedy trial. An evidentiary hearing has been held.
The indictment herein was returned by an Erie County Grand Jury June 27, 1975. The defendant was arraigned thereon July 11, 1975. The prosecution immediately moved the case for trial. The defendant had not been arrested on the charge prior to indictment. The statutory strictures of CPL 30.30 are therefore not applicable.
While the indictment was returned June 27, 1975, it charges an offense committed between May 18 and May 21, 1973, upwards of two years theretofore. It is defendant’s position that the prosecution was aware of its evidence linking defendant to the alleged crime at or shortly after the commission thereof, and by failing to arrest or charge defendant until this late date, forfeited the right to now proceed against him.
The indictment charges possession of upwards of 16 ounces of heroin; upwards of an ounce of cocaine; upwards of an ounce of cannabis; drug paraphernalia and a loaded revolver. The weight of the heroin seized was approximately four and one-half pounds; the cocaine approximately three ounces and the cannabis approximately one and one-half ounces.
The charges arose from the execution of a search warrant at apartment 8, 82 Sundridge, Amherst, New York on or about May 21, 1973. While this defendant had been previously observed at the apartment, he was not present at the time of the execution of the warrant. By a report from the Federal Bureau of Investigation dated July 23, 1973 the prosecution learned that a latent fingerprint found on an item seized with the contraband was that of this defendant. At least prior to March 26, 1974, the prosecution learned that upon the application of one James Edwards, not identified on this hearing, dated September 10, 1970, to lease the apartment searched, *172 the applicant Edwards had identified Arthur Pickens as the person to be notified in case of emergency. Further, the prosecution had identified defendant as the "subject” on numerous reports dated May 23, 1973 of the properties seized which are the subjects of this indictment. These reports requested laboratory analyses which were completed on various dates in June 1973.
On May 29, 1973 one Steve Tartt was indicted by an Erie County Grand Jury, indictment No. 38,300, by which he was charged with possession of the same heroin and firearm which are the subject of this indictment. It was common knowledge among police officers that Tartt and Pickens were believed to be associated in illicit narcotics traffic at that time.
Upon Tartt’s motion therefor, a hearing was held in late 1973 directed to the suppression of the evidence seized upon the search warrant. The motion was denied. Early in 1974, a superseding indictment was returned against Tartt, adding additional counts also contained in the instant indictment. In June, 1974 Tartt again moved for suppression, and an evidentiary hearing was held thereon late in 1974. Suppression was again denied. Tartt was tried on the indictment in January, 1975, convicted and sentenced to an indeterminate term of imprisonment of 15 years to life.
The prosecution had no more evidence available against Pickens in June, 1975 than was available to it late in 1973. An administrative decision was made in the District Attorney’s office late in 1973 to defer prosecution against Pickens until the Tartt indictment was disposed of. There was no intent thereby to gain any procedural advantage over Pickens from the passage of time, but the decision was based in part upon the hope of the prosecution of obtaining Tartt’s testimony, after his conviction, to strengthen the case against Pickens. Attempts were made before and after Tartt’s trial to obtain his co-operation, without success. In this connection it should be noted that both Tartt and Pickens have had the same attorney throughout all proceedings. The last efforts to obtain Tartt’s testimony against Pickens were made approximately four months prior to the return of instant indictment.
The defendant herein was arrested well within the Statute of Limitations applicable to felonies generally (CPL 30.10), although it appears that no Statute of Limitations applies to these class A felonies with which he has been charged.
There has been much confusion, reaching even to lower *173 appellate levels, between the rights of a defendant arrested and one who has become the subject of a criminal proceeding only after an extended period of time. In the former case, an accused has his Sixth Amendment right to a speedy trial, the subject of the opinion of the Court of Appeals in People v Taranovich (37 NY2d 442). He has those further statutory rights to a speedy trial, more restrictive upon the prosecution than the Sixth Amendment requirement, guaranteed by CPL 30.20 and CPL 30.30. These rights however do not attach until "after a criminal action is commenced.” (CPL 30.20, subd 1.) In this case the criminal action was commenced by the finding of the indictment June 27, 1975.
As to the Sixth Amendment right, the Supreme Court has recently spoken as follows: although "invocation of the speedy trial provision * * * need not await indictment, information, or other formal charge * * * we decline to extend the reach of the amendment to the period prior to arrest.” (United States v Marion, 404 US 307, 321.)
In the case of an accused, such as the defendant herein, who has not been arrested until after the passage of an extended period of time, even though suspected of the criminal act charged, the issue involved is one of his constitutional right to due process. Dismissal is required: "if it were shown * * * that the pre-indictment delay * * * caused substantial prejudice to [defendant’s] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.” (United States v Marion, supra, p 324.) No such findings can be or are made here. The prosecutor faced extended pretrial suppression proceedings in the Tartt case, which, if Tartt has been successful thereon, would have been dispositive of any prospective charge against Pickens as well. He had the further right, before proceeding to formalize charges of the gravity of instant indictment, to carefully and conscientiously seek out evidence related to the charges, which was done.
"Upon such a serious charge, the District Attorney may be expected to proceed with far more caution and deliberation than he would expend on a relatively minor offense.” (Cf. People v Taranovich, 37 NY2d 442, 446, supra.) The basic protection afforded a defendant against undue protraction of investigatory delay is " 'the applicable statute of limitations’ ” which " 'is the primary guarantee against bringing overly stale criminal charges.’ ” (United States v Marion, supra, p *174 322.) No claim is made directed toward the reasonableness of such a statute here.
As to any possible prejudice to the defendant’s right to a fair trial, no finding of such prejudice can be or is made here. Defendant asserts that at the time of the seizure of the subject contraband, and immediately prior thereto, he and a friend were in New York City. Attempts by the friend only by telephone to locate persons whom they were then and there visiting have been made; said efforts, however, have been at best desultory. He further claims that he is now unable to locate receipts for purchases made in New York City at that time. Since defendant was immediately notified by their mutual attorney of Tartt’s arrest upon his return from New York City, and his attorney learned long ago that his name had been linked to the contraband seized on the execution of the search warrant, his implied claim that he made no effort to locate exculpatory evidence until his arrest fails to carry conviction. It further appears from court records that defendant was served with a demand for alibi upon arraignment, to which no response is yet recorded. Such evidence may well be subject to preclusion in any event. (CPL 255.20, subd 3.)
The motion to dismiss the indictment for denial of defendant’s right to a speedy trial is denied.