42 N.Y.2d 971 (1977)
The People of the State of New York, Respondent,
v.
Roberto Perez, Appellant.
Court of Appeals of the State of New York.
Argued June 10, 1977.
Decided July 14, 1977.
Amy Rothstein and William E. Hellerstein for appellant.
Eugene Gold, District Attorney (J. P. Kaplan of counsel), for respondent.
Chief Judge BREITEL and Judges GABRIELLI, JONES, WACHTLER, FUCHSBERG and COOKE concur in memorandum; Judge JASEN concurs in a separate opinion.
MEMORANDUM.
The order of the Appellate Division should be affirmed.
Balancing the factors outlined in People v Taranovich (37 N.Y.2d 442), we conclude that there has been no deprivation of the right to a speedy trial (see People v Ganci, 27 N.Y.2d 418). The very serious nature of the charge necessitated a slow and careful preparation of the case and defendant has not demonstrated that the delay impaired his defense (cf. People v Johnson, 38 N.Y.2d 271).
The reference in the concurring opinion to People v Johnson (supra) is inappropriate. In the first instance, the delay in Johnson was 18 months whereas here, as conceded by the parties, the period of delay attributable to the People, or the State generally, was 15 or 16 months  the same amount of time involved in Ganci. In addition, in Johnson the crime *972 arose out of an altercation and was not the type of unprovoked predatory offense involved in the instant case. It is also significant to note that in Johnson, unlike the situation here, the record indicated that he might have lost his ability to prove his defense because of the delay. Here no such claim was made.
Since counsel had not been previously retained (cf. People v Hobson, 39 N.Y.2d 479), the defendant's request that an attorney be obtained for the lineup is not significant; it could not create a right to counsel where none existed (United States ex rel. Conomos v La Vallee, 363 F Supp 994, 1001-1002). Nor can we say as a matter of law that the lineup was unnecessarily suggestive or improper (cf. Manson v Brathwaite, 432 US 98).
JASEN, J. (concurring).
I concur for affirmance of the Appellate Division order. Defendant was arrested on a charge of attempted murder and held in jail for 19 months awaiting trial. After trial, he was found guilty of assault in the first degree and possession of a weapon. People v Johnson (38 N.Y.2d 271) is on point. In the Johnson case, defendant was held in jail on a murder charge for a period of 18 months. Even though the defendant was charged with a heinous crime, "a brutal murder with a knife", and his claim of lost witnesses was never substantiated in any way, the court concluded, over my dissent, that defendant's right to a speedy trial had been violated. (See 38 NY2d, at pp 282-283 [dissenting opn].) In many ways, this case is stronger than Johnson. The charge against this defendant is less serious and this defendant was held for one month longer than the defendant in Johnson. That this defendant does not claim that the delay cost him witnesses is of little moment since defendant Johnson's claim was totally barren. I see no dispositive distinction between a claim that was totally barren of evidentiary substance and a claim that was never made at all.
While I disagreed with the court's disposition of the Johnson case, I normally would be obligated to fully apply the binding decision of a majority of our court. Here, however, we have a unique circumstance. The members of the Johnson majority see fit to distinguish Johnson from the present case and conclude that Johnson does not mandate reversal of the Appellate Division order. Although I am not convinced by the distinctions made, I conclude that, since the members of the Johnson majority construe their holding in that case as not *973 being dispositive here, I, likewise, am not required to view Johnson as dispositive. Under these circumstances, free of the constraint of Johnson, I vote for affirmance on the strength of the views I articulated in my dissent in Johnson.
Order affirmed.