■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRADLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 27, 1977, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. By order dated July 30, 1979 this court remitted the case to Criminal Term to hear and report on whether defendant was denied his constitutional right to a speedy trial, with special attention to be given to the question of whether, in fact, certain witnesses were unavailable to the defendant by the time of trial, and directed that the

appeal be held in abeyance in the interim *(People v Bradley,* 71 AD2d 685). Criminal Term has now complied. Judgment reversed, on the law, indictment dismissed and the case is remitted to the Supreme Court, Kings County for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was charged with criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (possession with intent to sell). The alleged underlying incident was the sale on January 25, 1974 of $3,200 worth of amphetamines to an undercover officer by defendant and one Richard Caputo in the apartment of a mutual friend. Caputo was the target of the undercover investigation. At the time of the arrest of the defendant and Caputo several indictments had evidently already been handed up against Caputo; Bradley was named a codefendant on only one of these, the subject indictment. The indictment was issued on May 20, 1974. Defendant was arrested in early June and July, 1974, he posted bail. Following a jury trial in May, 1977 he was convicted of criminal possession of a controlled substance in the second degree. On appeal from the judgment of conviction, defendant reiterated his pretrial claim that he had been denied his Sixth Amendment right to a speedy trial and this court remitted the matter to Criminal Term to hear and report on the issue. The appeal was held in abeyance. We now conclude, following the hearing and a report being issued by Criminal Term, that the conduct of the prosecutor resulted in such delay in bringing the defendant to trial that he was deprived of his fundamental right to a speedy trial (see US Const, 6th Amdt). We begin with the factors involved in the delay. Inescapably, there was delay on both sides, and defendant did not make his omnibus pretrial motion, including a demand for a bill of particulars, until sometime in March, 1975. (The law no longer permits such delay [see CPL 255.20, eff Sept. 1, 1974].) On May 1, 1975 Criminal Term directed the furnishing of the bill of particulars. The order was served on the People on May 5, 1975. The prosecutor did not respond until March 18, 1976. He attributed his inaction to "office failure." By that time defendant had hired a new attorney having dismissed two prior attorneys. The attorney obtained an approximately three-month adjournment. At the end of that time, May 4, 1976, the District Attorney asked for a series of adjournments, the last 10 days of which were with consent. Consent was occasioned by defendant's motion to dismiss the indictment on speedy trial grounds made on June 7, 1976. The motion was argued on June 22, 1976 and denied on July 8, 1976. The prosecutor requested a further adjournment to September 13, 1976. On that date he announced he was not ready and the trial court, in effect reversing its prior decision on the motion to dismiss, granted the motion. The prosecutor had explained this untoward event as the mistake of a new trial assistant, or at least one unfamiliar with the case, who answered "not ready" when, in fact, the People could have secured their key prosecution witness and proceeded to trial if it had been absolutely necessary to do so. More than one month later (Oct. 26, 1976) the prosecutor moved to vacate the dismissal. Defendant refused to accept the papers claiming they were improperly drawn and that the motion was made returnable in the wrong court. Not until a full month after that (Nov. 24, 1976) was there an answer by the People to the rejection. Criminal Term vacated the dismissal and restored the case to the calendar on December 13, 1976. There were adjournments by the court until May 10, 1977, at which time it granted defendant's motion to sever his case from that of his codefendant, after which defendant's trial commenced. We find that the prosecutor's conduct

was inconsonant with defendant's fundamental right to a speedy trial. In balancing the factors that weigh in our determination (see *Barker v Wingo,* 407 US 514; *People v Taranovich,* 37 NY2d 442), we note, first of all, that no "rigid precepts" control and that "no one factor or combination of the factors * * * is necessarily decisive or determinative of the speedy trial claim" *(People v Taranovich, supra,* p 445). The prosecutor's explanations for the delay are belied by his conduct. He argued that the crimes were serious and that he was entitled, therefore, to more time to prepare. Yet, an order directing that a bill of particulars (in this serious matter) be furnished was misfiled and the bill was not served until almost a year thereafter. After the new defense counsel had come into the case and attempted to complete pretrial preparations (obtaining, for example, the bill of particulars), the prosecutor still did not perceive that his obligation to the defendant to provide a speedy trial was in jeopardy. Even after the intent of the defense counsel was made clear and a motion to dismiss on speedy trial grounds was brought—surely emphasizing defendant's intent—the prosecutor did not react. Instead, he obtained adjournments through July, August and part of September; then, an inexperienced Assistant District Attorney announced to the court that the People were not ready. This was the second "office failure" in a "serious case". Yet a full month passed before a motion was brought to have the court reconsider its dismissal of the indictment on the "not ready" call. In our opinion the prosecutor's claim that the crimes were serious extends only to the penalty or sentence that might be imposed. The facts themselves were not complicated. What was involved was the single sale of amphetamines to an undercover agent who was available to testify; the delays by the prosecutor were not warranted. The District Attorney also argued that it was his prerogative to try the two defendants together and, under the circumstances, he was entitled to some additional time for trial preparation (see CPL 30.30, subd 4, par [d]). Again, inconsistently, he argued, at one point, that the defendant had not, in any event, asked for a severance. It is not the defendant's obligation to move his case for trial (see *Barker v Wingo,* 407 US 514, 527, *supra)* and any contrary implication is erroneous. (As noted earlier, defendant did eventually move for, and receive, a severance.) Finally, we reach the question of whether or not the defendant was impaired in his ability to present a defense so long after the incident. The proof at the hearing was inconclusive. The two witnesses who could not be located at the time of trial might well have been found if either of defendant's first two attorneys had set about the task properly when defendant was first indicted. A third witness who could recall nothing about the incident (and was not, therefore, called to testify at the trial) may well have been in the same state of recall a year earlier. It was not established that only the passage of time was responsible for his lack of memory of the event. On balance, we conclude that the reasons for the delay in this case weigh heavily against the People and in favor of the defense requiring a reversal of the judgment of conviction and a dismissal of the indictment. In light of our determination we do not reach the remaining issues raised on appeal. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.