THIRD DEPARTMENT, JUNE, 1988

(June 2, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE D. JORDAN, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 22, 1986, upon a verdict convicting defendant of the crime of robbery in the third degree.

On May 10, 1973, defendant was indicted on a charge of robbery in the third degree following his arrest subsequent to the investigation of the theft of money and an assault upon the owner of a liquor store on Clinton Avenue in the City of

Albany on the evening of March 26, 1973. The arrest occurred at defendant's residence at 6 Sheridan Place in Albany following a conversation with police officers after receipt of *Miranda* warnings, wherein defendant admitted his part in the robbery and identified an implement used in its commission.

At his arraignment on the indictment on May 14, 1973, defendant was represented by his attorney, Michael Lynch, entered a plea of not guilty and was released on $2,000 bail. Lynch thereafter moved to suppress evidence seized upon defendant's arrest and filed a notice of alibi, naming three potential witnesses. Defendant's case was called for trial on June 4, 1973, at which time defendant did not appear and Lynch stated that defendant's whereabouts were unknown to him. Accordingly, a bench warrant was issued for his arrest on June 15, 1973. Efforts by the police to locate defendant were unsuccessful until June 10, 1986, almost 13 years later, when defendant was arrested on an unrelated charge. Following denial of defendant's motions to suppress evidence obtained at the time of his arrest and a motion to dismiss for lack of a speedy trial, defendant was thereafter tried and convicted of the robbery charge and sentenced to prison. This appeal ensued.

In our view, the delay of almost 13 years in bringing defendant to trial under the circumstances demonstrated by this record mandates a dismissal of the charges against him. Moreover, defendant steadfastly denied that he was ever informed of a date to return to court in June 1973 by Lynch, and that when he did not hear from him, he assumed his presence was not required.

At the hearing upon his motion to dismiss the indictment for lack of a speedy trial, defendant presented documentary proof establishing that between the date of the issuance of the warrant for his arrest on June 15, 1973 and his apprehension on an unrelated charge on June 10, 1986, he resided in Albany within a few blocks of the Albany County Courthouse, was gainfully employed at a number of different locations within the city, voted in the city, maintained an account with Niagara Mohawk Power Corporation and on two occasions filed complaints with the city's Police Department because of burglaries of his residence. On each occasion, he received written acknowledgment of his complaint and assurance of continued investigation of his complaint by the police. This proof stands uncontradicted.

Defendant made no effort to conceal his whereabouts and it is conceded by the People that he lived "openly and notori-

ously" in the city from 1973 to the date of his final apprehension. These factors support defendant's contention that his former attorney never advised him to return to County Court after his initial appearance and supply credence to his claim of the violation of his constitutional right to a speedy trial (see, Barker v Wingo, 407 US 514).

Although a 13-year delay, standing alone, would seem sufficient to establish a prima facie case of prejudice, where, as here, there is presented the additional factor of unavailability of alibi witnesses or knowledge of their whereabouts, our conclusion becomes more compelling. Accordingly, the extended period of delay, coupled with obvious impairment of an asserted defense, brings this case well within the requirements necessary to establish the violation of a constitutional right to a speedy trial (see, People v Taranovich, 37 NY2d 442).

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Kane and Casey, JJ., concur.

Weiss and Mikoll, JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll, J. (dissenting). In our view there should be an affirmance. There is evidence in the record that the trial delay was occasioned by defendant's own act in absenting himself from the trial. He was present in the courtroom for arraignment and informed of the serious charge made against him. County Court, based on documentary evidence, found defendant to be untruthful and did not credit his claims that he did not know when he was to return to court for trial and that he lived openly and notoriously in the City of Albany during the 13-year period. The concession by the People that defendant lived openly and notoriously did not cover the entire 13-year period but only the later years. Evidence that the police actively attempted to serve the bench warrant on defendant after his failure to appear for trial supports County Court's determination. Detective Donald Gavigan of the Albany City Police Department testified that, among other things, he searched for defendant on over 100 occasions at his home and at neighborhood meeting places in an effort to execute the bench warrant but was unable to locate defendant.

County Court, as fact finder, had the right to reject defendant's claim that he lived openly and notoriously in the city during all of the 13-year period. Defendant was unable to produce any evidence except his own testimony that he resided openly and notoriously at any specific address after the date of his arraignment in 1973 until, at least, 1979 or 1980.

Defendant's documentary proof of his actual residence after 1979 or 1980 was somewhat equivocal and did not conclusively negate the conclusion that the police were exercising due diligence to apprehend him in the circumstances.

Concerning the issue of whether the extended delay prejudiced defendant's alibi defense, it is significant that there is no factual evidence in the record that defendant had a bona fide alibi defense. At trial, defendant did not testify that he was not at the scene at the time of the commission of the crime, but merely denied that he committed it. He did not ask for an adjournment of the second trial for time to ascertain the location or availability of the claimed alibi witnesses. There is no showing that defendant made a good-faith and diligent effort to locate them. County Court cannot be said to have improperly concluded that defendant's statutory and constitutional rights to a speedy trial were not violated on this record.