■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLIFFORD WISE, Respondent. [608 NYS2d 924] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: Considering the factors mandated by CPL 210.40 (1), we conclude that dismissal of the indictment is not warranted *(see, People v Rickert,* 58 NY2d 122; *People v Rucker,* 144 AD2d 994, *lv denied* 73 NY2d 926). This is not one of those " 'rare' " and " 'unusual' " cases that " 'cries out for fundamental justice beyond the confines of conventional considerations' " *(People v Insignares,* 109 AD2d 221, 234, *lv denied* 65 NY2d 928). We further conclude that the record fails to establish that defendant was denied his constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442, 445). (Appeal from Order of Monroe County Court, Marks, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.

■ In the Matter of SHARON K., Appellant, v MARK C., Respondent. [608 NYS2d 923] —Case held, decision reserved and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: In this paternity proceeding, the Judicial Hearing Officer failed to set forth the basis for his finding that petitioner did not meet her burden to prove respondent's paternity by clear and convincing evidence. Petitioner was physically separated, but not divorced, from her husband when the child was conceived. The evidence bearing on lack of access by petitioner's husband and the sharp conflict in the evidence submitted by petitioner and respondent presented questions of credibility for the trier of fact. Where questions of credibility are at issue, findings of fact are essential for meaningful appellate review *(Matter of Joan S. v Ronald B.,* 71 AD2d 606). We, therefore, remit the matter to Family Court to make findings of fact. (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.