THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILEY MCCLOUD, Respondent. [851 NYS2d 814]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered January 22, 2004. The order granted the motion of defendant to dismiss the indictment on the ground that he was denied his constitutional right to a speedy trial.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order granting the motion of defendant to dismiss the indictment charging him with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) on the ground that he was denied his constitutional right to a speedy trial. Contrary to the People's contention, Supreme Court did not abuse its discretion in granting the motion (see generally People v Taranovich, 37 NY2d 442, 444-445 [1975]; People v Dillard, 288 AD2d 900 [2001], lv denied 99 NY2d 628 [2003]). Defendant was arrested on February 6, 2002 and indicted on July 11, 2002 for a murder that occurred on December 29, 2001. On September 25, 2002, the only eyewitness who was able to identify defendant was murdered by a person known to be one of defendant's associates. On March 10, 2003, after a Geraci hearing, the court determined that the

People failed to establish by clear and convincing evidence that defendant was "involved in procuring the witness's unavailability for live testimony" (*People v Geraci*, 85 NY2d 359, 368 [1995]), and it therefore refused to permit the People to use the grand jury testimony of the witness in their case-in-chief against defendant. Although the court released defendant on his own recognizance at that time because the People advised the court that they were unable to proceed to trial, defendant was a furloughed prisoner at the time of his arrest in February 2002, and he therefore remained imprisoned on that unrelated charge. On August 12, 2003, the court denied defendant's motion to dismiss the indictment on speedy trial grounds. Defendant thereafter renewed his motion, and the court granted that motion on January 20, 2004, after the People again advised the court that they were unable to proceed to trial.

It is well established that, in determining whether a defendant has been denied his or her constitutional right to a speedy trial, "the trial court must engage in a sensitive weighing process of the diversified factors present in the particular case" (*Taranovich*, 37 NY2d at 445). Although the delay in prosecution here was the result of the murder of the eyewitness and defendant was not incarcerated solely on the basis of the murder charges (*see generally id.*), the court properly determined that the People were no closer to obtaining additional evidence in January 2004 than they had been in March 2003. The People asserted that they "might" be able to obtain information from defendant's associates concerning the motive of the murder of the eyewitness in order to establish defendant's involvement with that murder, thereby allowing them to use the grand jury testimony of the eyewitness in their case against defendant. Nevertheless, the court properly noted that the People thus far had been unable to obtain the cooperation of defendant's associates and that they were unable to demonstrate any further efforts to obtain that cooperation. Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.