# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1164**
**KA 14-00821**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSHUA A. GANG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 8, 2013.  The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]).  Contrary to defendant's contention, the 18-month preindictment delay did not deprive him of due process (*see generally People v Singer*, 44 NY2d 241, 253-254).  It is well established that "a determination made in good faith to defer commencement of the prosecution for further investigation[,] or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (*Singer*, 44 NY2d at 254).  Here, the "investigative delays were satisfactorily explained and were permissible exercises of prosecutorial discretion" (*People v Nazario*, 85 AD3d 577, 577, *lv denied* 17 NY3d 904).  Upon our review of the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we conclude that the delay did not deprive defendant of his right to due process (*see People v Johnson*, 134 AD3d 1388, 1389-1390, *affd* ___ NY3d ___ [Nov. 17, 2016]).

With respect to defendant's remaining contentions, even assuming, arguendo, that defendant's waiver of the right to appeal was knowing, intelligent and voluntary, we agree with defendant that the waiver does not encompass his challenge to the severity of the sentence because " 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction' that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Lorenz*, 119 AD3d

1450, 1450, *lv denied* 24 NY3d 962; *see People v Maracle*, 19 NY3d 925, 928).  Nevertheless, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered:  December 23, 2016                                   Frances E. Cafarell
                                                             Clerk of the Court