People v Delgado (2018 NY Slip Op 03483)





People v Delgado


2018 NY Slip Op 03483


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6561 3726/12

[*1]The People of the State of New York, Respondent,
v
Angel Delgado, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ethan Greenberg, J. at speedy trial motion; Miriam R. Best, J. at suppression hearing, plea, and sentencing), rendered March 31, 2015, convicting defendant of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, unanimously affirmed.
After balancing the relevant factors (see People v Taranovich, 37 NY2d 442 [1975]), we conclude that the court properly denied defendant's constitutional speedy trial motion relating to one of the robbery charges. There was a 3½-year delay between the arrest, upon which the People chose to defer prosecution because the victim had departed from the United States, and defendant's indictment. This delay was substantial, and the People failed to provide adequate reason for a significant portion of it. However, this home invasion robbery was very serious, defendant was not incarcerated during the relevant period, and he has failed to demonstrate any prejudice resulting from the delay. Furthermore, the delay was not so egregious as to warrant dismissal regardless of specific prejudice (see People v Wiggins, NY3d, 2018 NY Slip Op 01111, *5-*6 [2018]). We also find no violation of defendant's federal rights to a speedy trial (see Barker v Wingo, 407 US 514, 530 [1972]), or to due process (see United States v Lovasco, 431 US 783 [1977]).
We find that defendant did not make a valid waiver of his right to appeal. Even though the language of the written waiver was not improper (see People v Thomas, 158 AD3d 434 [1st Dept 2018]), the court's oral colloquy was misleading, suggesting that a constitutional speedy trial claim was merely one example of a constitutional claim that could be raised notwithstanding the waiver, while other constitutional claims, such as suppression claims, would also survive the waiver. Accordingly, the purported waiver does not foreclose review of defendant's suppression claims. However, we reject defendant's suppression claims on the merits.
The record supports the hearing court's finding that the police had probable cause to arrest defendant for the home invasion robbery at issue (see generally People v Bigelow, 66 NY2d 417, 423 [1985]).
At the lineup, the victim's husband, who did not witness the crime but admittedly suspected defendant of committing it and also provided some of the information leading to defendant's arrest, translated the prelineup instructions into Arabic for the victim, who had limited command of English. While this was far from ideal, and should have been avoided, under the circumstances of this case it did not render the lineup unduly suggestive. Most notably, and in contrast to the situation in People v Delamota (18 NY3d 107, 117-119 [2011]), the husband was not present during the identification procedure, and the sequence of events leading to the identification procedure rendered it unlikely that the husband had the ability to coach the [*2]victim in advance on whom to identify. Further, the husband testified at the hearing, and his testimony refuted any suggestion that he gave the victim any instructions or suggestions as to whom to identify.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK