The People of the State of New York, Appellant, 


v

David Connors, Respondent.

Orange County District Attorney, (Andrew R. Kass of counsel), for appellant.
Edward C. Bruno, for respondent.

Appeal from an order of the Justice Court of the Town of Wallkill, Orange County (Rory K. Brady, J.), rendered May 10, 2017. The order, insofar as appealed from, granted the branch of defendant's motion seeking to dismiss the accusatory instruments on the ground that defendant's constitutional right to a speedy trial had been violated.




ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of defendant's motion seeking to dismiss the accusatory instruments on the ground that defendant's constitutional right to a speedy trial had been violated is denied, the accusatory instruments are reinstated, and the matter is remitted to the Justice Court for all further proceedings.
On July 29, 2015, defendant entered pleas of not guilty to three separate accusatory instruments charging him with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving across hazard markings (Vehicle and Traffic Law § 1128 [d]), and speeding (Vehicle and Traffic Law § 1180 [d]), respectively. In January 2017, defendant moved to dismiss the accusatory instruments on the ground that his statutory and constitutional rights to a speedy trial had been violated. On May 10, 2017, the Justice Court orally granted the branch of defendant's motion seeking dismissal on the ground that his constitutional right to a speedy trial had been violated.[FN1]
The instant appeal by the People ensued.

In order to determine whether defendant was denied his constitutional right to a speedy trial pursuant to CPL 30.20, the following factors must be considered: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]). We initially note that the 18-month delay, from July 29, 2015 (when the not guilty pleas were entered) to January 25, 2017 (when defendant filed the subject motion), included eight to nine months of delay attributable to the defense or the court. In any event, applying the Taranovich factors to the case at bar, we find that defendant did not establish any impairment to his defense since he "has not made any showing of prejudice as a result of the delay other than the general assertion that delays may cause witnesses to suffer a loss of memory" (People v Kreinen, 2002 NY Slip Op 40359[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]; see also People v Bonacorso, 26 Misc 3d 134[A], 2010 NY Slip Op 50131[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Moreover, defendant was never incarcerated. In view of the foregoing, we are of the opinion that the branch of defendant's motion seeking to dismiss the accusatory instruments on the ground that his constitutional right to a speedy trial (CPL 30.20) had been violated should have been denied.

Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's motion seeking to dismiss the accusatory instruments on the ground that defendant's constitutional right to a speedy trial had been violated is denied.

BRANDS, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: September 20, 2018



Footnotes

Footnote 1: It is well settled that the statutory right to a speedy trial (CPL 30.30) does not apply to traffic infractions (see People v Jenkins, 58 Misc 3d 150[A], 2018 NY Slip Op 50088[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).