People v Desselle (2018 NY Slip Op 08252)





People v Desselle


2018 NY Slip Op 08252


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7538 2107/13

[*1]The People of the State of New York Respondent,
v
Jules Desselle, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered October 15, 2015, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, affirmed.
After considering the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we conclude that the court properly denied defendant's constitutional speedy trial motion. While the 28—month delay was substantial, it was attributable to both the prosecution and the defense. While most adjournments were either on consent or were otherwise satisfactorily explained, the People failed to provide an adequate reason for their delay in responding to defendant's motion to compel production of certain medical records and in producing the records. Nevertheless, the charges were very serious and, although defendant was incarcerated the entire time, he has not demonstrated how his defense was impaired by the delay. This is not a case where the delay, and in particular the portion attributable to the People, was so egregious as to warrant dismissal regardless of prejudice (see People v Wiggins, 31 NY3d 1, 13-16 [2018]).
All concur except Renwick, J.P. and
Manzanet-Daniels, J. who concur in a separate memorandum by Manzanet-Daniels, J. as follows:




MANZANET-DANIELS, J. (concurring)


Although the factors enumerated in Taranovich do not, on balance, warrant a finding that defendant's constitutional right to a speedy trial was violated (People v Taranovich, 37 NY2d 442, 445 [1975]), it cannot escape mention that the prosecutor's actions in this case led to the substantial and unnecessary delay.[FN1]
On June 17, 2013, defendant demanded all Brady material in the prosecution's possession. On September 16, 2014, defense counsel informed the court that it had specifically requested the victim's medical records, citing the fact that the victim had an "epileptic seizure" immediately preceding the alleged shooting. In the alternative, he requested the name of her treating physician so he could subpoena the records himself. The victim had given conflicting [*2]stories in the aftermath of defendant's arrest.
The prosecutor conceded that defendant was alleging "a possible Brady issue," and that there "may be something in the medical record that would indicate that she suffered from this condition," and asked that the parties be permitted to submit memoranda.
The court agreed that the issue "should be explored," and set a briefing schedule, with defendant to make a motion on October 1, 2014; the People to reply on October 14, 2014; and the court to issue a decision on November 6, 2014.
On October 1, 2014, defendant made a motion to compel production of the medical records of the eyewitness relating to her diagnosis and treatment for epilepsy or her seizure disorder. The People did not file on October 14, and requested additional time to respond to the motion. Although promising to file by December 15, 2014, the People ultimately did not file until January 29, 2015, nearly four months later. The People opposed defendant's "overbroad" demand for the witness's medical records, as well as his alternative request for the issuance of subpoenas for such records.
On March 5, 2015, the court granted defendant's motion and ordered the People to turn over the victim's medical records for in camera review. Yet the People did not even submit a HIPPA authorization release form to the victim for signature until April 17, 2015, and continued to delay until mid-August, nearly 5 months later and 10 months after defendant's original request.
It cannot escape notice that the admittedly substantial 28—month delay was largely the fault of the prosecution. It was the prosecution that insisted on motion practice; it was the prosecution that missed its own filing deadlines; and it was the prosecution that ultimately lost the motion. Therefore, I concur in the result, but disagree with the majority's finding that essentially excuses the prosecutor's behavior.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK



Footnotes

Footnote 1:Were this an appeal from the denial of a statutory speedy trial claim, the result may well have been different. Here, defendant waived the right to appeal as part of his plea bargain, and his statutory speedy trial claim did not survive the waiver.