People v Swails (2019 NY Slip Op 04031)





People v Swails


2019 NY Slip Op 04031


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


5974/06 9386A 2125/07 9386

[*1] The People of the State of New York, Respondent,
v
Rashiem Swails, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 30, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, and judgment, same court and Justice, rendered November 30, 2010, as amended December 23, 2010, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a concurrent term of two to four years, unanimously affirmed.
Defendant's constitutional speedy trial claim is unpreserved, or otherwise procedurally defective, for all of the following reasons, and we decline to review it in the interest of justice. In a CPL 30.30 motion, defendant made only a perfunctory constitutional claim and citation to People v Taranovich (37 NY2d 442 [1975]), without making any of the arguments raised on appeal; most of the delay cited on appeal occurred after defendant's motion, and was not the subject of any further motion; defendant abandoned his constitutional claim by pleading guilty without obtaining any ruling on that part of his motion; and defendant's claim is unreviewable because he has not supplied minutes necessary to determine the reasons for certain delays.
As an alternative holding, to the extent that the record permits review, we conclude, upon review of the relevant factors (see Taranovich , 37 NY2d at 445), that defendant's constitutional right to a speedy trial was not violated. Little of the delay can be attributed to the People, and much of it is attributable to defendant's motion practice, two competency proceedings, counsel's engagement in other trials, and counsel's request to have these prosecutions track other pending cases against defendant in Queens County, upon which defendant was also incarcerated. Defendant has not shown that his defense was impaired by the delay; on the contrary, counsel sought to track the more serious Queens cases in hopes of duplicating the defense asserted therein of mental disease or defect.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK