People v Leneau (2022 NY Slip Op 01322)





People v Leneau


2022 NY Slip Op 01322


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-07666
 (Ind. No. 112/16)

[*1]The People of the State of New York, respondent,
v
Ernest Leneau, appellant.


Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Katherine A. Walecka of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 28, 2018, convicting him of enterprise corruption, conspiracy in the fourth degree, and criminal sale of a firearm in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In 2014, the defendant and others participated in an enterprise involving the trafficking and sale of illegal firearms. The defendant was convicted, upon his plea of guilty, of enterprise corruption, conspiracy in the fourth degree, and criminal sale of a firearm in the first degree.
The defendant's contention that he was deprived of his constitutional right to a speedy trial is unpreserved for appellate review (see People v Lieberman, 47 NY2d 931, 932; People v Dancy, 177 AD3d 995, 996; People v Morales, 171 AD3d 945, 948). In any event, upon review of the relevant factors (see People v Taranovich, 37 NY2d 442, 445), the defendant's constitutional right to a speedy trial was not violated (see id. at 445; People v Desselle, 167 AD3d 418, 418-419).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court