People v Bellamy (2024 NY Slip Op 02283)

People v Bellamy

2024 NY Slip Op 02283

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 1434/13, 1656/14 Appeal No. 2159-2160 Case No. 2019-435, 2018-2279 

[*1]The People of the State of New York, Respondent,
v
James Bellamy, Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered June 29, 2017, under indictment No. 1656/14, convicting defendant, upon his plea of guilty, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, unanimously modified, on the law, to the extent of vacating the provisions of the orders of protection that directed that they remain in effect until June 29, 2099 and remanding the matter for a new determination of the duration of those orders in accordance herewith, and otherwise affirmed. Judgment, same court (John W. Carter, J.), rendered September 12, 2018, under indictment No. 1434/13, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 23 years, to run concurrently with the sentence imposed under indictment No. 1656/14, unanimously affirmed.
As to the case under indictment No. 1434/13, upon considering the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we find that the court properly denied defendant's constitutional speedy trial motion. While the five-year delay was substantial, defendant largely contributed to the delay by, among other things, repeatedly seeking assignment of new counsel and refusing to be produced in court. Further, defendant was incarcerated on his prior convictions during the pendency of the case. In addition, the charges were serious, and defendant failed to demonstrate that he was prejudiced by the delay. We also find no violation of defendant's federal right to a speedy trial (see Barker v Wingo, 407 US 514 [1972]).
As to indictment No. 1656/14, defendant's purported waiver of the right to appeal is invalid. The court misleadingly suggested that the waiver was an absolute bar to taking an appeal, and failed to confirm on the record that defendant had read the written waiver, discussed it with counsel, or understood it (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022]).
The expiration date of the orders of protection exceeds the maximum statutory duration (CPL 530.13[4][A][ii]). Accordingly, we remand the matter for a new determination of the duration of the orders, with consideration to be given to any jail time credit to which defendant is entitled (see e.g. People v Olivieri, 212 AD3d 469, 470 [1st Dept 2023], lv denied 39 NY3d 1143 [2023]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024