■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. LISI, Appellant. [873 NYS2d 782]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 28, 2008, upon a verdict convicting defendant of the crimes of vehicular assault in the second degree (two counts) and driving while intoxicated (two counts).

Defendant was arrested for driving while intoxicated, colliding with a motorcycle and injuring its riders. Although he refused to submit to a chemical test of his blood alcohol content, a sample of his blood was obtained pursuant to an order of County Court (Herrick, J.). The People provided a copy of the audio recording of the police officer's application for the court-ordered chemical test (hereinafter the application) to County Court (Herrick, J.) three days after issuance of the order. Defendant was then charged by indictment with vehicular assault in the second degree (two counts) and driving while intoxicated (two counts). Three months later, at defendant's arraignment, the People declared their readiness for trial. After a postarraignment conference, the People also supplied defense counsel with a copy of the audio recording of the application. Defendant later moved for suppression of the blood test results on the ground that, among other things, County Court had yet to comply with Vehicle and Traffic Law § 1194 (3) (d) (3), which requires the issuing court to certify a transcript of the application within 72 hours of issuance of the order. Without explanation in the limited record before us, County Court (Herrick, J.) then recused and, nearly 10 months after commencement of the action, certified a transcript of the application. When County Court (Breslin, J.) then denied defendant's suppression motion, defendant moved for dismissal of the indictment on statutory speedy trial grounds based primarily on the delay in certification. County Court denied that motion and, after a jury trial, defendant was convicted as charged.

Defendant's sole contention on appeal is that his statutory right to a speedy trial was violated and the indictment should have been dismissed because the People could not have proceeded with the suppression hearing and trial until the transcript was certified. Defendant argues that, as a result, the People's declaration of readiness was illusory. We cannot agree, however, as the record simply does not support the claim that County Court's delay in certifying the transcript prevented the People from proceeding with the suppression hearing and trial within the six-month period prescribed by CPL 30.30 (1) (a). Rather, with the exception of one 21-day adjournment of the suppression hearing obtained by the People in order to secure certification, there is nothing in the record suggesting that the hearing was postponed due to the lack of certification.* In addition, as County Court noted in denying defendant's speedy trial motion, the People could have proceeded with the suppression

---

* Defendant does not claim that this 21 days, together with the time periods chargeable to the People for other reasons, would total more than six months.

hearing and then trial despite the lack of certification. The lack of certification would not have resulted in suppression here because defendant was promptly provided with an audio recording of the application and he does not claim that the delay in certification prejudiced his defense (*see People v Whelan*, 165 AD2d 313, 322-323 [1991], *lv denied* 78 NY2d 927 [1991]). Moreover, while extreme delays by the trial court may be attributed to the People in deciding whether a constitutional right to a speedy trial has been denied (*see People v Ranellucci*, 43 NY2d 943 [1978], *revg on dissenting ops of Herlihy, J., and Kane, J.*, 53 AD2d 384 [1976]), this is not such a case. Rather, here defendant asserts his statutory right. In any event, the record does not show that County Court unnecessarily prolonged the time between when defendant moved for suppression and when the court decided his motion.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).