The People of the State of New York, Respondent,
against
Ganesh Ramlall, Appellant.




New York City Legal Aid Society (Natalie Rea of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Marie John-Drigo of counsel), for respondent.
Consolidated
 appeal from (1) a judgment of the Criminal Court of the City of New York, Kings County (Michael Yavinsky, J.), rendered January 20, 2015, and (2) an amended sentence of that court rendered August 11, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and imposed sentence. The amended sentence vacated the fine that had been previously imposed and resentenced defendant to, among other things, a term of imprisonment. The appeal from the judgment brings up for review an order of that court (Michael Gerstein, J.) dated December 5, 2014 denying defendant's motion which had sought to dismiss the accusatory instrument on the ground that he was denied his constitutional right to a speedy trial.




ORDERED that so much of the appeal as is from the portion of the judgment of conviction that imposed sentence is dismissed as academic, as that portion of the judgment of conviction was superseded by defendant's resentence on August 11, 2015; and it is further,
ORDERED that the judgment of conviction, insofar as reviewed, is affirmed; and it is further,
ORDERED that the appeal from the amended sentence is dismissed as abandoned.
In May 2012, defendant was charged in an accusatory instrument with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). By order dated March 7, 2013, the Criminal Court (Jane C. Tully, J.) granted the branch of defendant's motion seeking to dismiss the common-law driving while intoxicated and driving while intoxicated per se counts on the ground that defendant's statutory right to a speedy trial (see CPL 30.30) had been violated, finding that 111 days of delay were chargeable to the People. The order denied the branch of defendant's motion which had sought to dismiss the driving while ability impaired charge on the ground that his constitutional right to a speedy trial (see CPL 30.20) had been violated. After numerous adjournments, a combined hearing was held on September 17, 2014 and, on the following adjourned date, October 30, 2014, defendant again moved to dismiss the accusatory instrument on the ground that his constitutional right to a speedy trial had been violated. By order dated December 5, 2014, the Criminal Court (Michael Gerstein, J.) denied defendant's motion. On January 20, 2015, defendant pleaded guilty to driving while ability impaired, was sentenced to, among other things, a fine and was instructed to return to court on a specified date, which he failed to do. On August 11, 2015, defendant was returned on a warrant, and the court vacated the fine and resentenced defendant to, among other things, a term of imprisonment.
On appeal, defendant contends that the Criminal Court, in its order dated December 5, 2014, improperly denied his motion which had sought to dismiss the accusatory instrument on the ground that his constitutional right to a speedy trial had been violated.
In order to determine whether a defendant has been denied his constitutional right to a speedy trial pursuant to CPL 30.20, the following factors must be considered: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]). Upon an examination of the Taranovich factors in the case at bar, we agree with the Criminal Court that defendant was not denied his constitutional right to a speedy trial (see People v Watts, 57 NY2d 299 [1982]; People v Johnson, 184 AD2d 862 [1992]; People v Dury, 179 AD2d 821 [1992]). Defendant was not incarcerated for any significant period of time and did not demonstrate that his defense had been impaired (see People v Keane, 47 Misc 3d 136[A], 2015 NY Slip Op 50497[U] [App Term, 2d Dept, 9th & 10th Jud Dist 2015]; People v Bonacorso, 26 Misc 3d 134[A], 2010 NY Slip Op 50131[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). While there was a protracted delay, such delay "will not, in and of itself, be sufficient to warrant the drastic measure of dismissal" (People v Taranovich, 37 NY2d at 446). We note that defendant's due process right to prompt prosecution and his constitutional right to a speedy trial are evaluated using the same Taranovich factors (see People v Decker, 13 NY3d 12, 14-15 [2009]).
As no issue has been raised by defendant with respect to his resentence, the appeal from the amended sentence is dismissed as abandoned (see People v Shakeem B., 55 Misc 3d 47, 52 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment of conviction, insofar as reviewed, is affirmed, and the appeal from the amended sentence is dismissed.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 06, 2018