■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES, Appellant. [43 NYS3d 278]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 18, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the court's finding that defendant's state-

ment was voluntary under the totality of the circumstances, notwithstanding that his arraignment on the drug charge for which he was under arrest was delayed by interrogation regarding the homicide for which he was a suspect (*see People v Jin Cheng Lin*, 26 NY3d 701, 723-725 [2016]).

At trial, the court properly exercised its discretion in making a preliminary ruling that, in the event defendant attempted to cast doubt on the voluntariness of his statements by claiming he did not understand English, and by challenging a detective's testimony that *Miranda* warnings were given in Spanish, the People would be permitted to introduce defendant's videotaped statement, in connection with an unrelated arrest, which the People represented would demonstrate that defendant spoke and understood English. Defendant ultimately avoided opening the door to the videotape, and it was not placed in evidence. The court's tentative ruling was appropriate, since the videotape would presumably have been probative of defendant's ability to speak English, even if it revealed an uncharged crime. Moreover, this was only a provisional ruling, and had defendant actually pursued the line of defense at issue, matters such as redaction of prejudicial matter could have been litigated. Defendant did not preserve his claim that his constitutional right to present a defense was violated, and we decline to review it in the interest of justice. As an alternative holding, we find it without merit, because the right to present a defense does not include the right to be free of the consequences of opening the door to otherwise inadmissible evidence.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.