People v Francis (2021 NY Slip Op 05647)





People v Francis


2021 NY Slip Op 05647


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Ind No. 4404/12 Appeal No. 14359 Case No. 2018-4661 

[*1]The People of the State of New York, Respondent,
v
Gordon Francis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa Jackson, J.), rendered July 18, 2018, as amended August 23, 2018, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
There is no basis for disturbing the jury's credibility determinations, or its evaluation of forensic and circumstantial evidence.
After considering the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we conclude that the court properly denied defendant's speedy trial motion. Although the delay while the case was pending was substantial, and defendant was incarcerated, the delay was satisfactorily explained. Most of the delay was attributable to motion practice, defense counsel's schedule, and DNA testing to which defendant consented. The review of over 2,000 recorded phone calls by counsel and the defense expert's review of the report on the DNA evidence also contributed to the delay. Furthermore, defendant has not established that the delay impaired his defense. Given the seriousness of the charges and the need to develop DNA and other evidence as fully as possible, we find that the delay did not violate defendant's constitutional rights.
The court correctly denied defendant's motion to suppress his statement. The record supports the court's finding that the statement was voluntary under the totality of the circumstances, notwithstanding that his arraignment on his arrest for a sex offender registration violation was briefly delayed by interrogation regarding the homicide for which he was a suspect (see People v Jin Cheng Lin, 26 NY3d 701, 723-725 [2016]). There was nothing unlawful about arresting defendant on one case, for which there was probable cause, in order to speak to him about another case (see People v Torres, 145 AD3d 442 [1st Dept 2016], lv denied 29 NY3d 953 [2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021