People v Blue (2022 NY Slip Op 00977)





People v Blue


2022 NY Slip Op 00977


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Gische, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Ind. No. 1402/13 Appeal No. 10931 Case No. 2017-380 

[*1]The People of the State of New York, Respondent,
v
Anthony Blue, Defendant-Appellant.


Office of The Appellate Defender, New York (Christina Swarns of counsel), and Milbank LLP, New York (Joseph M. DaSilva of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J. at suppression hearing and CPL 30.30 motion; Ellen N. Biben, J. at jury trial and sentencing), rendered November 12, 2015, convicting defendant of five counts of burglary in the second degree, and sentencing him to five consecutive terms of five years, and order, same court (Biben, J.), entered on or about April 20, 2018, which denied defendant's CPL 440.10 motion, unanimously affirmed.
In our initial decision on this appeal (185 AD3d 510 [1st Dept 2020]) we remanded the matter to the trial court for consideration of defendant's constitutional speedy trial argument, which the court had not addressed in its decision denying the CPL 440.10 motion. We rejected defendant's arguments on two other issues raised in his appeal of the court's CPL 440.10 decision, and otherwise held the appeal in abeyance pending the court's resolution of the constitutional speedy trial issue. The trial court having now considered and rejected defendant's constitutional speedy trial argument, we now consider that ruling, as well as the other arguments raised by defendant at the initial stage of this appeal, and affirm.
An analysis of the Taranovich factors indicates that, notwithstanding a relatively substantial 30-month delay between arraignment and trial, defendant was not denied his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442 [1975]). A substantial portion of the delay was caused by defendant's voluminous motion practice or other reasons not attributable to the People, and the People's reasonable efforts to prepare and coordinate the prosecution of six separate, serious felonies. Further, although defendant's motion included affidavits expanding the record on the issue of claimed prejudice, we find that defendant has not made a persuasive showing of specific prejudice, or demonstrated that the delay was so egregious as to warrant dismissal regardless of specific prejudice (see id. at 447). Nor has defendant, who represented himself and was released on his own recognizance 6 months before the trial, shown that his defense was impaired by his 24 months of incarceration.
Turning to the remaining issues raised at the initial stage of the appeal, we first find that defendant's statutory speedy trial rights were not violated. Based on our review of the record, we agree with defendant that the periods from March 25 to April 17, 2013 and from November 13 to 25, 2014 should be charged to the People. When these periods are added to the periods that appear to be undisputedly chargeable, the total is 180 days, which falls short of the 184 days required for dismissal in this case.
The court properly admitted text messages and other information obtained from defendant's cell phone. Although the forensic examination of the phone occurred more than 10 days after issuance of a warrant, there was no violation of CPL 690.30(1), because the warrant expressly stated that it was "deemed executed at [*2]the time of issuance," and the phone remained in police custody throughout. Defendant's arguments to the contrary are similar to arguments this Court rejected in People v Ruffin (178 AD3d 455 [1st Dept 2019]).
Defendant did not preserve his specific argument for suppression of property seized from him at the time of his arrest, or his challenges to cell site location information, and we decline to review them in the interest of justice.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022